**US DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

DONALD FREED,
    Plaintiff,

v.

MICHELLE THOMAS, sued in her official and individual capacities; and COUNTY OF GRATIOT,
    Defendants
_____/

Case No.: 17-cv-13519
Honorable _____

**COMPLAINT
JURY DEMANDED**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Counsel for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

---

**COMPLAINT FOR MONEY DAMAGES WITH INJUNCTIVE
AND DECLARATORY RELIEF FOR CONSTITUTIONAL VIOLATIONS**

**INTRODUCTION**

1. In this case, Defendant COUNTY OF GRATIOT and its treasurer, Defendant MICHELLE THOMAS, took Plaintiff DONALD FREED's property worth $97,000.00 to satisfy a past due tax of $735.43 (plus other expenses), and then refused to refund any of the difference beyond what needed to satisfy that debt.

2. In some legal precincts and some federal judges reviewing said action call it theft; but under the Michigan *General Property Tax Act*, is called tax collection.

3. The practice is governance for profit.

1

Case 1:17-cv-13519-BAF-PTM   ECF No. 1   filed 10/28/17   PageID.2   Page 2 of 7

4. This case seeks to establish that these actions cause violations of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

5. Michigan state courts are inadequate and unwilling to treat this as the unconstitutional wrongful action that it is.

## PARTIES

6. Plaintiff DONALD FREED is a resident of the County of Gratiot in the State of Michigan.

7. Defendant MICHELLE THOMAS is a resident of and the treasurer of the COUNTY OF GRATIOT and is sued in her official and personal capacities.

8. Defendant COUNTY OF GRATIOT is a legal entity formed and/or existing under the laws of the State of Michigan.

## JURISDICTION

9. This is a civil action brought pursuant to 42 U.S.C. § 1983 seeking injunctive and declaratory relief together with monetary damages against Defendants for violations of the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions; 28 U.S.C. § 1343, which authorizes federal courts to hear civil rights cases; and 28 U.S.C. § 2201, which authorizes declaratory judgments via the Declaratory Judgment Act.

11. Venue is proper in this Court as Defendants, individually and collectively, conduct their business in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

12. Prior to actions taken by Defendant MICHELLE THOMAS, personally and/or on behalf of Defendant COUNTY OF GRATIOT, Plaintiff DONALD FREED owned Parcel No. 13-026-006-10 commonly known as 7706 Bliss Rd, Elwell, MI 48832 in the County of Gratiot, State of Michigan (hereinafter the "Freed Property").

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

2

13. The Freed Property is approximately 35 acres of land and was Plaintiff DONALD FREED's home.

14. The ownership of the Freed Property was the result of years of hard word by Plaintiff DONALD FREED.

15. By Defendant COUNTY OF GRATIOT's own valuation, the Freed Property was or is worth $97,000.00, Exhibit B.

16. Plaintiff DONALD FREED owed a mere $735.43 in past due taxes, together with administrative expenses, costs and interest to total $1,109.06.

17. Until the forfeiture, Plaintiff DONALD FREED made and continued to make various payments but did not know or understand the extent he was behind on this small amount of property tax.

18. This is because Plaintiff DONALD FREED cannot read to a sufficient enough level when provided certain written notice(s) of the past due tax.

19. Defendant MICHELLE THOMAS admitted, by counsel, that the required statutory requirements impose by state law were *not* met for notice of forfeiture, which required verbal notice as mandated by MCL 211.78i(3).

20. Defendant MICHELLE THOMAS sought and obtained a tax foreclosure judgment from the Michigan Circuit Court for the County of Gratiot taking the property interests of Appellant DONALD FREED due to unpaid taxes and administrative expenses, costs and interest of $1,109.06 related to Parcel No. 13-026-006-10, see Exhibit A.

21. Afterwards, the Freed Property was sold for $42,000.00 to a third party, Exhibit C.

22. Defendant MICHELLE THOMAS and Defendant COUNTY OF GRATIOT refused to return the excess equity beyond the unsatisfied tax debt and administrative expenses, costs and interest of $1,109.06 and have appropriated property's equity worth $97,000.00 for public use by Defendant COUNTY OF GRATIOT.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## COUNT I
## FIFTH/FOURTEENTH AMENDMENTS VIOLATION
## 42 U.S.C. § 1983

### TAKING

23. The prior allegations are realleged word for word herein.

24. Defendant MICHELLE THOMAS and Defendant COUNTY OF GRATIOT have taken property in the form of equity and/or monies beyond the amount of unpaid taxes and administrative expenses, costs and interest of $1,109.06 and have appropriated said monies for public use without the payment of just compensation.

25. Said action violates the Fifth and Fourteenth Amendments to the United States Constitution.

26. No state court inverse condemnation or takings procedure is unavailable by operation of Michigan case law, *Rafaeli LLC v Oakland County*, Court of Appeals Case No. 330696 (issued Oct 24, 2017, copy attached as Exhibit D).[1]

27. The lack of state court inverse condemnation or takings procedure makes such a non-existing process inadequate by operation of Michigan case law, *Rafaeli LLC v Oakland County*, Court of Appeals Case No. 330696 (issued Oct 24, 2017, copy attached as Exhibit D).[2]

28. This claim is ripe without exhaustion of state compensation remedies for prudential reasons because the State of Michigan's courts recently and clearly failed to recognize such a taking as existing as a matter of state law, see *Rafaeli LLC v Oakland County*, Court of Appeals Case No. 330696 (issued Oct 24, 2017, copy attached as Exhibit D), and thusly cannot

---

[1] *Williamson County* ripeness is a prudential doctrine, not a jurisdictional bar, which can be easily overcome by showing a state does not provide an adequate procedures or remedy to challenge a taking. *Wilkins v. Daniels*, 744 F.3d 409, 418 (6th Cir. 2014)(citing *Suitum v. Tahoe Reg'l Planning Agency*, 520 U.S. 725, 733-34 (1997)).

[2] *Williamson County* ripeness is a prudential doctrine, not a jurisdictional bar, which can be easily overcome by showing a state does not provide an adequate procedures or remedy to challenge a taking. *Wilkins v. Daniels*, 744 F.3d 409, 418 (6th Cir. 2014)(citing *Suitum v. Tahoe Reg'l Planning Agency*, 520 U.S. 725, 733-34 (1997)).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

and will not provide adequate/available procedures to obtain relief to the point of near certainly of not compensating for such a taking.

29. It is clear, by the *Rafaeli* decision, the State of Michigan and its subordinate officers and created/empowered entities, including Defendant MICHELLE THOMAS and Defendant COUNTY OF GRATIOT, do not intend to be required or otherwise will pay just compensation by or via any procedures, making any such procedures unavailable or inadequate.

30. The actions described herein is a policy, custom, and/or practice of Defendant COUNTY OF GRATIOT or its final policymaker sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and its progeny.

31. Plaintiff DONALD FREED has previously and continues to suffer and/or be entitled to an award of damages as result of Defendants' violation of his rights under the United States Constitution.

32. The conduct of Defendants was reckless and undertaken with complete in indifference to Plaintiff DONALD FREED's federal rights to be free from violations of the Fifth and Fourteenth Amendments to the United States Constitution.

## COUNT II
## EIGHTH AMENDMENT VIOLATION
## 42 U.S.C. § 1983

### EXCESSIVE FINE FORFEITURE

33. The prior allegations are realleged word for word herein.

34. The Eighth Amendment to the United States Constitution is the part of the United States Bill of Rights prohibiting the government from imposing excessive fines, which the US Supreme Court has applied to action(s) involving forfeitures.

35. By imposing and retaining an excessive fine in the form of the forfeiture of value of Plaintiff DONALD FREED's equity interest in the Freed Property in excess of eighty times the value of the unpaid taxes and administrative expenses, costs and interest of $1,109.06, Plaintiff DONALD FREED's Eighth Amendment rights have been violated.

OUTSIDE LEGAL COUNSEL PLC  www.olcplc.com

36. The actions described herein is a policy, custom, and/or practice of Defendant COUNTY OF GRATIOT or its final policymaker sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and its progeny.

37. Plaintiff DONALD FREED has previously and continues to suffer and/or be entitled to an award of damages as result of Defendants' violation of his rights under the United States Constitution.

38. The conduct of Defendants was reckless and undertaken with complete in indifference to Plaintiff DONALD FREED's federal rights to be free from violations of the Eighth Amendment to the United States Constitution.

## RELIEF REQUESTED

39. WHEREFORE, Plaintiff DONALD FREED respectfully requests this Court to do all of the following—

   a. Enter an order, pursuant to the Declaratory Judgment Act, declaring the conduct of Defendants as being unconstitutional;

   b. Enter an order, pursuant to the Declaratory Judgment Act, declaring the *General Property Tax Act*, Act 206 of 1893, as applied to Plaintiff DONALD FREED as being unconstitutional and enjoin its future application in the same manner against Plaintiff DONALD FREED by Defendants;

   c. Enter an order for injunctive relief to halt the illegal processes and procedures of Defendants in violation of the Fifth, Eighth and/or Fourteenth Amendments to the United States Constitution;

   d. Enter an order for damages in the amount of taken and/or forfeited equity and/or funds in excess of the unpaid taxes and administrative expenses, costs and interest of $1,109.06 obtained and retained by Defendants by its illegal actions;

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

  e. Enter an order for an award of nominal and/or punitive damages;

  f. Enter an order for an award of actual reasonable attorney fees and litigation expenses pursuant to 42 U.S.C. § 1988 and all other applicable laws, rules, or statutes; and

  g. Enter an order for all such other relief the court deems equitable.

## JURY DEMAND

40. For all triable issues, a jury is hereby demanded.

Date: October 28, 2017   RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
Counsel for Plaintiff
PO Box 107 · Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

7