UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DONALD FREED,

     Plaintiff,

Case No. 17-cv-13519
Hon. Bernard A. Friedman
Magistrate Patricia Morris

vs.

MICHELLE THOMAS,
sued in her official and
individual capacities; and
COUNTY OF GRATIOT,

     Defendants.
_____/

Philip L. Ellison (P74117)
Outside Legal Counsel, PLLC
*Counsel for Plaintiff*
P.O. Box 107
Hemlock, MI 48626
Ph: (989) 642-0055
pellison@olcplc.com

Allan C. Vander Laan (P33893)
Cummings, McClorey, Davis & Acho, P.L.C.
*Attorneys for Defendants*
2851 Charlevoix Dr., S.E., Ste. 327
Grand Rapids, MI 49546
Ph: (616) 975-7470
avanderlaan@cmda-law.com
_____/

## MOTION OF DEFENDANTS MICHELLE THOMAS AND COUNTY OF GRATIOT SEEKING DISMISSAL UNDER FED. R. CIV. P. 12(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION

**NOW COME** the Defendants, Michelle Thomas and County of Gratiot, by and through their attorneys, **CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**, by Allan C. Vander Laan, and moving this Court to dismiss this case under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, state:

1.      Plaintiff Donald Freed pleads claims under 42 U.S.C. §1983 "*seeking injunctive and declaratory relief together with monetary damages*" for alleged violations by the Defendants of his Fifth, Eighth and Fourteenth Amendment rights in the context of the property tax foreclosure and sale of real property.  **(Doc. #1, Pg ID 1-7, Complaint, particularly ¶¶ 9, 13-22)**.

2.      As more fully described in the accompanying brief, the Tax Injunction Act at 28 U.S.C. §1341, the doctrine of "ripeness" and principles of comity prevent this Court from exercising subject matter jurisdiction over the claims asserted by Plaintiff Freed.

3.      On November 27, 2017, counsel for the Defendants sought concurrence from counsel for Plaintiff Freed in the relief sought by the present motion, but concurrence has not been granted.

**WHEREFORE**, Defendants Michelle Thomas and County of Gratiot ask this Court to enter an order under Fed. R. Civ. P. 12(b)(1), dismissing Plaintiff Freed's Complaint in its entirety.

/s/Allan C. Vander Laan
Cummings, McClorey, Davis & Acho, P.L.C.

2851 Charlevoix Dr., S.E., Ste. 327
Grand Rapids, MI 49546
Attorneys for Defendants
Primary Email: avanderlaan@cmda-law.com
P33893

Dated: November 27, 2017

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DONALD FREED,

     Plaintiff,                          Case No. 17-cv-13519
                                              Hon. Bernard A. Friedman
v.                                   Magistrate Patricia Morris

MICHELLE THOMAS,
sued in her official and
individual capacities; and
COUNTY OF GRATIOT,

     Defendants.
_____/
Philip L. Ellison (P74117)
Outside Legal Counsel, PLLC
*Counsel for Plaintiff*
P.O. Box 107
Hemlock, MI 48626
Ph: (989) 642-0055
pellison@olcplc.com

Allan C. Vander Laan (P33893)
Cummings, McClorey, Davis & Acho, P.L.C.
*Attorneys for Defendants*
2851 Charlevoix Dr., S.E., Ste. 327
Grand Rapids, MI 49546
Ph: (616) 975-7470
avanderlaan@cmda-law.com
_____/

## BRIEF IN SUPPORT OF DEFENDANTS MICHELLE THOMAS AND COUNTY OF GRATIOT SEEKING DISMISSAL UNDER FED. R. CIV. P. 12(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION

# **TABLE OF CONTENTS**

Table of Authorities ................................................................................. ii

Questions Presented ............................................................................... iv

Most Controlling Authority .....................................................................v

Statement of Facts...................................................................................1

Standard of Review .................................................................................2

Argument

I.    PLAINTIFF FREED'S DEMANDS FOR INJUNCTIVE AND
      DECLARATORY RELIEF ARE BARRED BY THE TAX
      INJUNCTION ACT, 28 U.S.C. §1341............................................3

II.   ALL OF PLAINTIFF FREED'S CLAIMS MUST BE DISMISSED
      BECAUSE THEY ARE NOT "RIPE" .............................................5

III.  PLAINTIFF FREED'S DEMANDS FOR INJUNCTIVE AND
      DECLARATORY RELIEF, TOGETHER WITH HIS DEMAND FOR
      MONETARY DAMAGES, ARE ALL BARRED BY PRINCIPLES OF
      "COMITY" ......................................................................................6

Conclusion and Relief Requested ...........................................................9

Certificate of Service ..............................................................................9

i

# TABLE OF AUTHORITIES

## Cases

*Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) ........................................................2

*Biff's Grills v. Michigan State Highway Comm.*, 75 Mich. App. 154 (1977).......4

*Bigelow v. Michigan Dept. of Natural Resources*, 970 F.2d
154 (6th Cir. 1992) ................................................................................................5, 6

*California v. Grace Brethren Church*, 457 U.S. 393 (1982) .................................3

*Cartwright v. Garner*, 751 F.3d 752 (6th Cir. 2014).............................................2

*City Communications, Inc. v. City of Detroit*, 888 F.3d 1081 (6th Cir. 1989) .......5

*City of Kentwood v. Estate of Sommerdyke*, 458 Mich. 642 (1998) .....................4

*Dorman v. Township of Clinton*, 269 Mich. App. 638 (2006).............................4

*Fair Assessment in Real Estate Ass'n., Inc. v. McNary*, 454 U.S.
100 (1981) .............................................................................................................6, 7

*Hart v. City of Detroit*, 416 Mich. 488 (1982) ......................................................4

*In re Gillis*, 836 F.2d 1001 (6th Cir. 1988) ...........................................................7

*Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010) ........................................6

*Ligon v. City of Detroit*, 276 Mich. App. 120 (2007) ...........................................4

*National Private Truck Council, Inc. v. Oklahoma Tax Commission*,
515 U.S. 582 (1995)................................................................................................7

*Rafaeli, LLC v. Oakland County*, No. 330696, 207 W.L. 4803570
(Mich. Ct. App. Oct. 24, 2017) ......................................................................3, 4, 7

*Walburn v. Lockheed Martin Corp.*, 431 F.3d 966 (6th Cir. 2005)......................2

*Williamson County Regional Planning Comm'n. v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985)..........................................................................5

## Statutes

28 U.S.C. §1341 ............................................................................................1, 3

42 U.S.C. §1983 ................................................................................................7

## Rules

Fed. R. Civ. P. 11(b)(2)....................................................................................4

Fed. R. Civ. P. 12(b)(1)..................................................................................1, 9

## QUESTIONS PRESENTED

I.    DOES THE TAX INJUNCTION ACT, 28 U.S.C. §1341, PROHIBIT THIS COURT FROM EXERCISING SUBJECT MATTER JURISDICTION OVER PLAINTIFF FREED'S CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF?

Plaintiff Freed will answer: "No."

Defendants Thomas and County of Gratiot answer: "Yes."

II.    SHOULD PLAINTIFF FREED'S CLAIMS BE DISMISSED ON THE GROUND THAT THEY ARE NOT "RIPE" FOR REVIEW?

Plaintiff Freed will answer: "No."

Defendants Thomas and County of Gratiot answer: "Yes."

III.    DO PRINCIPLES OF "COMITY" MANDATE DISMISSAL OF PLAINTIFF FREED'S COMPLAINT?

Plaintiff Freed will answer: "No."

Defendants Thomas and County of Gratiot answer: "Yes."

## <u>MOST CONTROLLING AUTHORITY</u>

***Bigelow v. Michigan Dept. of Natural Resources***, 970 F.2d
154 (6th Cir. 1992)...............................................................................5, 6

***Fair Assessment in Real Estate Ass'n, Inc. v. McNary***, 454 U.S.
100 (1981)............................................................................................6, 7


28 U.S.C. §1341 (Tax Injunction Act)......................................................

## STATEMENT OF FACTS

The factual core of Plaintiff Donald Freed's Complaint are his allegations that Gratiot County, by its Treasurer Michelle Thomas, foreclosed on real property owned by Freed due to a tax delinquency alleged by Freed to have been $735.43, together with $1,109.06 of administrative expenses, costs and interest.  **(Doc. #1, Pg ID 3, Complaint, ¶¶ 13-16, 20)**.  The property was allegedly sold for $42,000.00, although Freed claims the property was worth $97,000.00.  **(Doc. #1, Pg ID 3, Complaint, ¶¶ 15, 21)**.  Freed seeks injunctive, declaratory and monetary damage relief to recover the alleged $97,000.00 value of his property, minus the $735.43 and $1,109.06 sums described above.  **(Doc. #1, Pg ID 1, 2, 6-7, Complaint, ¶¶ 1, 9, 39)**.

It is the position of Defendants Michelle Thomas and County of Gratiot that Plaintiff Freed's claims are barred by the Tax Injunction Act, 28 U.S.C. §1341, together with well-established principles of "ripeness" and "comity."  Therefore, Freed's Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

## <u>STANDARD OF REVIEW</u>

"Because federal courts are courts of limited jurisdiction, the plaintiff must establish subject matter jurisdiction." ***Walburn v. Lockheed Martin Corp.***, 431 F.3d 966, 970 (6th Cir. 2005). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the Court must dismiss the complaint in its entirety." ***Arbaugh v. Y&H Corp.***, 546 U.S. 500, 514 (2006). It is the plaintiff who "bears the burden of establishing that subject matter jurisdiction exists." ***Cartwright v. Garner***, 751 F.3d 752, 760 (6th Cir. 2014).

# ARGUMENT

## I.   PLAINTIFF FREED'S DEMANDS FOR INJUNCTIVE AND DECLARATORY RELIEF ARE BARRED BY THE TAX INJUNCTION ACT, 28 U.S.C. §1341.

The brief text of the Tax Injunction Act states:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.  28 U.S.C. §1341.

Although the text expressly addresses only injunctive relief, the Supreme Court has held that "the Act also prohibits a district court from issuing a declaratory judgment holding state tax laws unconstitutional." *California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982).  The only stated caveat must have provided a "plain, speedy and efficient remedy" through the state courts.

For his part, Plaintiff Freed does not mention the Tax Injunction Act - - for obvious reasons.  But Freed is just as obviously aware of the Act, and this is why Freed asserts that Michigan law fails to afford him a remedy.  That is, Freed asserts that "*[n]o state court inverse condemnation or takings procedure is available by operation of Michigan case law*," citing an unpublished Michigan Court of Appeals opinion, *Rafaeli, LLC v. Oakland County*, No. 330696, 2017 W.L. 4803570 (Mich. Ct. App. Oct. 24, 2017).

This assertion is manifestly baseless. The Michigan courts expressly recognize that both the Fifth Amendment of the United States Constitution and Article 10 of the Michigan Constitution "prohibit the taking of private property for public use without just compensation." ***Dorman v. Township of Clinton***, 269 Mich. App. 638 (2006). "Michigan recognizes the theory of inverse condemnation as a means of enforcing the constitutional ban on uncompensated takings of property." ***Biff's Grills v. Michigan State Highway Comm.***, 75 Mich. App. 154, 156-7 (1977). See also ***City of Kentwood v. Estate of Sommerdyke***, 458 Mich. 642 (1998). The Sixth Circuit itself has stated that "Michigan has long recognized the doctrine of inverse condemnation." These principles apply to land subject to a tax foreclosure. See ***Ligon v. City of Detroit***, 276 Mich. App. 120 (2007) and ***Hart v. City of Detroit***, 416 Mich. 488 (1982). Plaintiff Freed's assertion to the contrary is a sanctionable violation of Fed. R. Civ. P. 11(b)(2).

The unpublished opinion in ***Rafaeli*** does nothing to foreclose such remedies. The plaintiffs in ***Rafaeli*** brought claims alleging improper notice and a challenge to state show-cause hearing procedures on the merits. The State provided a remedy through the courts - - as manifested by the reality that the ***Rafaeli*** plaintiffs had their case before the Michigan Court of Appeals. The ***Rafaeli*** plaintiffs were simply not entitled to relief and lost on the merits.

Because Michigan does afford relief to aggrieved taxpayers through its courts, e.g., inverse condemnation lawsuits, the Tax Injunction Act applies with full force to preclude jurisdiction of this Court over Plaintiff Freed's demands for injunctive and declaratory relief.

## II.   ALL OF PLAINTIFF FREED'S CLAIMS MUST BE DISMISSED BECAUSE THEY ARE NOT "RIPE."

The concept of "ripeness" serves to ensure that courts "decide only existing, substantial controversies, not hypothetical questions or possibilities." *City Communications, Inc. v. City of Detroit*, 888 F.2d 1081, 1089 (6th Cir. 1989). "If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." *Bigelow v. Michigan Dept. of Natural Resources*, 970 F.2d 154, 157 (6th Cir. 1992).

In the context of a "takings" claim, "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Id*. "Unless the plaintiff has pursued state remedies, his case is not ripe because the State's action is not complete until the State fails to provide adequate compensation for the taking." *Id.*, quoting *Williamson County Regional Planning Comm'n. v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985).

Michigan provides for the adjudication of just compensation claims in its courts.   Again, the Sixth Circuit's *Bigelow* opinion expressly confirmed that "Michigan has long recognized the doctrine of inverse condemnation." *Id.*, at 158. Because the *Bigelow* plaintiffs had not pursued inverse condemnation, the Sixth Circuit dismissed their takings claims as "not ripe for review."

Plaintiff Freed's claim should be dismissed for the same reason.  Plaintiff Freed has not pursued his state court remedies.  Therefore, his claims are not ripe for review by this Court and should be dismissed.

### III.   PLAINTIFF FREED'S DEMANDS FOR INJUNCTIVE AND DECLARATORY RELIEF, TOGETHER WITH HIS DEMAND FOR MONETARY DAMAGES, ARE ALL BARRED BY PRINCIPLES OF "COMITY."

"The comity doctrine counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction. *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 421 (2010).  "The doctrine reflects a proper respect for state functions, . . . and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways." *Id*, quoting *Fair Assessment in Real Estate Ass'n., Inc. v. McNary*, 454 U.S. 100, 112 (1981).

The Supreme Court has "long recognized that principles of federalism and comity generally counsel that [federal] courts should adopt a hands-off approach

with respect to state tax administration." ***National Private Truck Council, Inc. v. Oklahoma Tax Commission***, 515 U.S. 582, 586 (1995). "[T]he principle of comity which predated the [Tax Injunction] Act was not restricted by its passage." ***Fair Assessment***, 454 U.S. at 110.

Significantly, comity, like "ripeness," applies not only to claims for injunctive and declaratory relief, but also to claims for monetary damages brought under 42 U.S.C. §1983. As flatly stated by the Supreme Court, "taxpayers are barred by the principle of comity from asserting §1983 actions against the validity of state tax systems in federal courts." ***Fair Assessment***, 454 U.S. at 116. Rather, tax payers "must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete, and may ultimately seek review of the state decisions in this Court." ***Id***. In this context, "state remedies are plain, adequate, and complete if they provide the taxpayer with a full hearing and judicial determination at which the tax payer may raise any federal constitutional objections to the tax." ***In re Gillis***, 836 F.2d 1001, 1010 (6th Cir. 1988).

As described above, Michigan recognizes inverse condemnation claims as a means to challenge allegedly inadequate compensation in the context of tax foreclosures. The ***Rafaeli*** case cited by Plaintiff Freed demonstrates that Michigan courts can and will adjudicate the merits of such claims. Nothing would prohibit Plaintiff Freed from raising in the Michigan Courts his federal constitutional

objections to the foreclosure of his property and the alleged improper retention of proceeds by taxing authorities.  Therefore, Michigan provides "plain, adequate, and complete" remedies, and principles of "comity" require the dismissal of Freed's present case in this court.

## CONCLUSION AND RELIEF REQUESTED

For the reasons described above, this Court lacks subject matter jurisdiction over Plaintiff Freed's claims.   Therefore, Plaintiff Freed's Complaint should be dismissed in its entirety under Fed. R. Civ. P. 12(b)(1).

> s/Allan C. Vander Laan
> Cummings, McClorey, Davis & Acho, P.L.C.
> 2851 Charlevoix Dr., S.E., Ste. 327
> Grand Rapids, MI 49546
> *Attorneys for Defendants*
> Primary Email: avanderlaan@cmda-law.com
> P33893

Dated:  November 27, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2017, I electronically filed the foregoing papers with the Clerk of the Court, using the ECF system which will send notification of such filing to the following attorney(s) of record:

**Philip L. Ellison, Esq.**
pellison@olcplc.com

> s/Allan C. Vander Laan
> Cummings, McClorey, Davis & Acho, P.L.C.
> 2851 Charlevoix Dr., S.E., Ste. 327
> Grand Rapids, MI 49546
> *Attorneys for Defendants*
> Primary Email: avanderlaan@cmda-law.com
> P33893