# US DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

DONALD FREED,
     Plaintiff,

     v.

MICHELLE THOMAS, sued in her
official and individual capacities;
and COUNTY OF GRATIOT,
     Defendants

_____/

Case No.: 17-cv-13519
Honorable Bernard A. Friedman
Magistrate Patricia Morris

**SUPPLEMENTAL BRIEF**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Counsel for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

CUMMINS MCLOREY DAVIS &
ACHO
ALLAN C. VANDER LAAN (P33893)
Attorneys for Defendants
2851 Charlevoix Dr, S.E., Ste 327
Grand Rapids, MI 49546
(616) 975-7470
avanderlaan@cmda-law.com

---

## SUPPLEMENTAL BRIEF RE: DEFENDANTS' MOTION TO DISMISS

As part of Defendants' motion to dismiss, it was argued that the Michigan courts need to be given 'first crack' to determine whether the text and application of the *General Property Tax Act* as it applies to excess equity kept after the tax sale of the property was a taking. On February 28, 2018, the Court of Appeals issued a denial of Freed's application for leave challenging the taking of his property's excess equity. To understand the scope of the Court of Appeals' decision, this timeline of events is provided—

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

1.     On February 21, 2017, the Gratiot County Circuit Court entered a Judgment of Foreclosure whereby certain properties, including Donald Freed's real property and home, was seized by the Gratiot County Treasurer for full or partial unpaid taxes. **ECF No. 1-1**.

2.     Before Freed's property was sold by the County Treasurer, Freed filed a motion with the Gratiot County Circuit Court seeking to set aside the judgment by state court procedural rule or alternatively pointing out that the sale of Mr. Freed's property would likely cause a taking of his excess property. **Exhibit 1.**

3.     The motion was heard on July 17, 2017, and on August 7, 2017, the Gratiot County Circuit Court denied the motion without addressing any of the constitutional arguments. **Exhibit 2.**

4.     On August 15, 2017, Freed took an emergency appeal to the Michigan Court of Appeals as of right and made an emergency motion for stay of the sale of his property by the Treasurer; both were denied as the Court of Appeals concluded that an appeal *by leave* was the only option available to Freed despite other precedence. **Exhibit 3 and 4**.

5.     Without the stay, the sale of Freed's property occurred on August 16, 2017. See **ECF No. 1-3**.

6.     Freed's property sold for $42,000.00. **ECF No. 1-3**.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

7.    The Treasurer kept the amounts in excess of past due taxes.

8.    On August 27, 2017, Freed filed his application for leave arguing the excess equity taken from Freed's home and property is/was not returned to Freed and thus was a taking.

9.    As part of his *Application for Leave* (given the sale of his property on August 16, 2017), Freed made an *England* reservation as he expected to need to go federal court.[1] **Exhibit 5, p. 15**.

10.    As part of his *Application for Leave*, Freed argued that the trial court errored in allowing the sale of his property because

> when government seizes real property (query: a forfeiture of surplus equity?) for unpaid taxes, the seized home is sold at public auction (MCL 211.78m(2)), the expenses of foreclosure are paid (MCL 211.78m(8)(a)-(e)), and the remaining balance is not remitted to former property owner (i.e. Freed) but rather retained by the government. Because foreclosing governmental unit here is local, the remaining balance is transferred and deposited into the general fund of the county by the board of commissioners. MCL 211.78m(8)(h). By seizing and forfeiting Parcel No. 13-026-006-10 on March 31, 2017 to the Gratiot County Treasurer… to cover a tax debt which is a fraction of the value to be received, this effectuates an unconstitutional taking in the unlawful seizure of more than $95,000.00 in land value to make new public funds for the County.

---

[1] An *England* reservation is a legal tool designed to prevent the preclusive effects of any claim of estoppel from earlier state court proceedings when federal claims are sought to be litigated in federal court given the unique jurisprudential obligations under *Williamson County*. *See England v. La. State Bd. of Med. Exam'rs.*, 375 U.S. 411 (1964) and *DLX v. Kentucky*, 381 F.3d 511 (6th Cir. 2004).

11.    After pending for six months, the Court of Appeals, by a two-to-one decision, denied leave "for lack of merit in the grounds presented" on February 28, 2018. **Exhibit 6**.

### DISCUSSION

The only logical conclusion from this February 28, 2018 Michigan Court of Appeals decision is that Freed's raised arguments of illegal seizing and enjoying the excess equity of his property as a taking has "lack of merit" in the eyes of the state courts. **Exhibit 6**. Defendants, by their motion to dismiss, claimed that the state courts had, under federal precedence, to be given the chance to provide relief from the Freed's claim of a taking.[2] The Court of Appeals' February 28, 2018 decision clearly proves otherwise. Therefore, it is clear that the denial of relief from the Michigan Court of Appeals for Freed, coupled with the decision from *Rafaeli LLC v Oakland County*, No. 330696, 207 W.L. 4803570 (Mich. Ct. App. Oct. 24, 2017), leaves this Court with no question that there is no Michigan judicial recognition of an excess equity taking by entities and officials like Gratiot County and its treasurer. Freed tried to get relief, pre- and post-sale, and

---

[2] Inverse condemnation is a taking claim in Michigan. *Hart v. City of Detroit*, 416 Mich. 488, 494; 331 N.W.2d 438 (1982)("Inverse condemnation is a taking of private property for a public use without the commencement of condemnation proceedings.").

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

none was provided when expressly sought.[3] This fulfills any obligation he may have had under *Williamson County* and related federal law[4] to seek a remedy in the state court. As such, this Court has jurisdiction to decide the federal takings claim.

Date: March 4, 2018

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
Counsel for Plaintiff
PO Box 107 · Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

---

[3] Uri Rafaeli tried to get relief and his taken excess equity was deemed a forfeitures, see *Rafaeli LLC v Oakland County*, No. 330696, 207 W.L. 4803570 (Mich. Ct. App. Oct. 24, 2017), hence Freed's Eighth Amendment claim in this Court.

[4] Previously, Freed argued that the federal doctrines under the TIA, comity, and *Williamson County* all require either a plaintiff first seek a remedy through state courts before coming to federal court, *or* show that there lacks, in the state courts, a plain, speedy and efficient remedy. The February 28, 2018 Court of Appeals decision, together with *Rafaeli*, now leaves no doubt that the state courts are indifferent to a remedy and/or there is no remedy from Michigan's judiciary.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## CERTIFICATE OF SERVICE

I hereby certify that on date stated below, I filed the foregoing document with the ECF/CM system which will serve an email copy of the same to all counsel of record (at their email address of record) on the date stated below.

Date: March 4, 2018

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
Counsel for Plaintiff
PO Box 107 · Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com