UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DONALD FREED,

    Plaintiff,

v.

MICHELLE THOMAS,
sued in her official and
individual capacities; and
COUNTY OF GRATIOT,

    Defendants.

Case No. 17-cv-13519

HON. BERNARD A. FRIEDMAN

MAGISTRATE PATRICIA MORRIS

_____

| | |
|---|---|
| Philip L. Ellison (P74117) | Allan C. Vander Laan (P33893) |
| Outside Legal Counsel PLC | Cummings, McClorey, Davis & Acho |
| Counsel for Plaintiff | Attorneys for Defendants |
| PO Box 107 | 2851 Charlevoix Dr., S.E. - Suite 327 |
| Hemlock MI  48626 | Grand Rapids MI  49546 |
| 989-642-0055 | 616-975-7470 |
| pellison@olcplc.com | avanderlaan@cmda-law.com |

_____

**RESPONSE OF DEFENDANTS TO**
**PLAINTIFF FREED'S SUPPLEMENTAL BRIEF**
**(ECF NO. 22)**

# **TABLE OF CONTENTS**

Index of Authorities ................................................................................................ ii

Question Presented................................................................................................ iii

Statement of Facts ...................................................................................................1

Argument..................................................................................................................3

Conclusion and Relief Requested ...........................................................................5

Certificate of Service ..............................................................................................5

# INDEX OF AUTHORITIES

## Cases

***Biff's Grills v. Michigan State Highway Comm.***, 75 Mich. App. 154, 254 N.W.2d 824 (1977) ...................................................................................3

***Bigelow v. Michigan Dept. of Natural Resources***, 970 F.2d 154 (6th Cir. 1991) ......................................................................................3, 4

## Rules

Fed. R. Civ. P. 12(b)(1) ..............................................................................1

MCR 2.612(C)(1)(f) ...................................................................................1

MCR 7.215(I) .............................................................................................4

MCR 7.305 .................................................................................................4

## **QUESTION PRESENTED**

I. DOES PLAINTIFF FREED'S "SUPPLEMENTAL BRIEF" PRESENT ANY VALID GROUND FOR THIS COURT TO EXERCISE SUBJECT MATTER JURISDICTION OVER FREED'S CASE?

Plaintiff Freed answers: "Yes."

Defendants Thomas and Gratiot answer: "No."

## STATEMENT OF FACTS

The Defendants have before this Court a motion under Fed. R. Civ. P. 12(b)(1) seeking dismissal of Plaintiff Donald Freed's complaint for lack of subject matter jurisdiction. **(ECF No. 6, Pg ID 64-81)**. Freed filed a full brief in response. **(ECF No. 8, Pg ID 83-101)**. This Court allowed Freed's filing of a "sur-reply" brief. **(ECF No. 14, Pg ID 204-8)**.

The Court has now allowed Freed to file a "supplemental brief." **(ECF No. 20-1, Pg ID 219-43)**. Ironically, the exhibits to this proposed supplement actually confirm why this Court does *not* have subject matter jurisdiction over Freed's case.

Freed claims that his property has been unconstitutionally "taken" by Gratiot County's alleged wrongful retention of proceeds from a foreclosure sale that exceeded the tax liability that triggered the foreclosure. Rather than file an inverse condemnation suit, Freed filed a *pre-sale motion in the foreclosure case* seeking "relief" from the judgment in that case under Michigan Court Rule 2.612(C)(1)(f). **(ECF No. 20, Pg ID 273, "Supplemental Brief," ¶ 2; ECF No. 22-2, Pg ID 279-297, Motion for Relief)**. But Freed has not bothered to file an actual inverse condemnation lawsuit after the sale of the foreclosed property and the alleged unconstitutional retention of sale proceeds.

The circuit court denied Freed's motion. **(ECF No. 22-3, Pg ID 298-299)**. The Michigan Court of Appeals denied Freed's initial attempt to file an "appeal by

1

right," because the order denying a motion for relief from judgment is not a final appealable order under the Michigan Court Rules. **(ECF No. 22-4, Pg ID 300; ECF No. 22-5, Pg ID 301)**. Freed then filed an application for appeal by leave, which the Michigan Court of Appeals has denied "*for lack of merit in the grounds presented.*" **(ECF No. 22-7, Pg ID 324)**.

## **ARGUMENT**

The fundamental argument asserted by Plaintiff Freed in all of his filings is that the Michigan courts do not afford him a remedy for the alleged wrongful retention of excess proceeds from a foreclosure sale. As explained in the Defendants' submissions to this Court, Michigan absolutely *does* afford Plaintiff Freed a remedy in the form of an inverse condemnation lawsuit. ***Bigelow v. Michigan Dept. of Natural Resources***, 970 F.2d 154, 158 (6th Cir. 1991), ***Biff's Grills v. Michigan State Highway Comm.***, 75 Mich. App. 154, 156-7, 254 N.W.2d 824, 826 (1977). There is no need to reiterate here the arguments already presented in the Defendants' motion, brief and reply.

Plaintiff Freed now asserts by "supplemental brief" that his contrary argument is bolstered by the Michigan Court of Appeals' denial of his application seeking to appeal the trial court order denying Freed's motion in the foreclosure sale case. In fact, the exhibits accompanying Freed's supplemental brief confirm that Freed never bothered to pursue his available inverse condemnation remedy. It is precisely the failure by Freed to do so that precludes his present case in this Court.

First, Freed has not been denied a forum to present his arguments. He simply *lost* those arguments on the merits <u>in the context</u> of the *pre-sale* "relief from judgment" motion in which he chose to present them. Significantly, at the time

3

Freed filed his motion, there had not yet been a sale from which any proceeds could be "unconstitutionally taken."

Second, Freed still has the option to seek reconsideration by the Michigan Court of Appeals of the denial of this application. Michigan Court Rule 7.215(I). He also has the option to seek review by the Michigan Supreme Court. Michigan Court Rule 7.305.

Finally, and most importantly, Freed has never bothered to pursue the available "inverse condemnation" remedy following the foreclosure sale. Once the sale actually occurred, Plaintiff Freed could have filed an inverse condemnation action presenting all his various theories in the Michigan courts. He has refused to do so - - instead filing the present case as an end-run around the Michigan courts. As explained in the Defendants' motion, such an end-run is not permissible. ***Bigelow***, 970 F.2d at 157.

To whatever extent Freed believes his property has been "unconstitutionally taken," he must seek relief by the remedies available in the Michigan Courts. ***Bigelow***, 970 F.2d at 158. No amount of "supplemental" briefing can change that legal reality.

## CONCLUSION AND RELIEF REQUESTED

For the reasons described above, Defendants Michelle Thomas and County of Gratiot ask this Court to **deny** Plaintiff Freed's motions seeking to file a "supplemental brief."

> s/Allan C. Vander Laan
> Cummings, McClorey, Davis & Acho, P.L.C.
> *Attorneys for Defendants*
> 2851 Charlevoix Dr., SE, Ste. 327
> Grand Rapids, MI 49546
> Ph: (616) 975-7470
> Primary Email: avanderlaan@cmda-law.com
> P33893

Dated:  March 8, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2018, I electronically filed the foregoing papers with the Clerk of the Court, using the ECF system which will send notification of such filing to the following attorney(s) of record:

**Philip L. Ellison, Esq.**
pellison@olcplc.com

> s/Allan C. Vander Laan
> Cummings, McClorey, Davis & Acho, P.L.C.
> 2851 Charlevoix Dr., S.E., Ste. 327
> Grand Rapids, MI 49546
> *Attorneys for Defendants*
> Primary Email: avanderlaan@cmda-law.com
> P33893