UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DONALD FREED,

    Plaintiff,

v.

MICHELLE THOMAS,
sued in her official and
individual capacities; and
COUNTY OF GRATIOT,

    Defendants.

Case No. 17-cv-13519

HON. BERNARD A. FRIEDMAN

MAGISTRATE PATRICIA MORRIS

_____

| | |
|---|---|
| Philip L. Ellison (P74117)<br>Outside Legal Counsel PLC<br>Counsel for Plaintiff<br>PO Box 107<br>Hemlock MI  48626<br>989-642-0055<br>pellison@olcplc.com | Allan C. Vander Laan (P33893)<br>Bradley C. Yanalunas (P80528)<br>Cummings, McClorey, Davis & Acho<br>Attorneys for Defendants<br>2851 Charlevoix Dr., S.E. - Suite 327<br>Grand Rapids MI  49546<br>616-975-7470<br>avanderlaan@cmda-law.com |

_____

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT,
<u>AFFIRMATIVE DEFENSES AND JURY DEMAND</u>**

**ANSWER**

    Now come Defendants Michelle Thomas and the County of Gratiot, by and through their attorneys Cummings, McClorey, Davis & Acho, P.L.C. and for their answer to Plaintiff's Complaint for Money Damages with Injunctive and Declaratory Relief for Constitutional Violations state:

00691369-1

INTRODUCTION

1. In this case, Defendant COUNTY OF GRATIOT and its treasurer, Defendant MICHELLE THOMAS, took Plaintiff DONALD FREED's property worth $97,000.00 to satisfy a past due tax of $735.43 (plus other expenses), and then refused to refund any of the difference beyond what needed to satisfy that debt.

**ANSWER: Denied as untrue these Defendants, "… took Plaintiff Donald Freed's property worth $97,000.00 …"  As to the remaining allegations, neither admitted nor denied, as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

2. In some legal precincts and some federal judges reviewing said action call it theft; but under the Michigan *General Property Tax act*, is called tax collection.

**ANSWER: Plaintiff's allegation states a legal conclusion to which no answer is required.  To the extent an answer is required, neither admitted nor denied, as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

3. The practice is governance for profit.

**ANSWER: Denied as the same is untrue.**

4. This case seeks to establish that these actions cause violations of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

**ANSWER: To the extent Plaintiff's allegation implies any wrongdoing by these Defendants, it is denied as untrue.**

5. Michigan state courts are inadequate and unwilling to treat this as the unconstitutional wrongful action that it is.

**ANSWER: Defendants deny this is an "… unconstitutional wrongful action …" It is further denied that Plaintiff does not have an adequate remedy in the state courts of Michigan. As to any remaining allegations, neither admitted nor denied, as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

## PARTIES

6. Plaintiff DONALD FREED is a resident of the County of Gratiot in the State of Michigan.

**ANSWER: Neither admitted nor denied, as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

00691369-1

7. Defendant MICHELLE THOMAS is a resident of and the treasurer of the COUNTY OF GRATIOT and is sued in her official and personal capacities.

**ANSWER: Admitted Michelle Thomas is the treasurer of the County of Gratiot. As to the remaining allegations, neither admitted nor denied, as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

8. Defendant COUNTY OF GRATIOT is a legal entity formed and/or existing under the laws of the State of Michigan.

**ANSWER: Admitted.**

## JURISDICTION

9. This is a civil action brought pursuant to 42 U.S.C. § 1983 seeking injunctive and declaratory relief together with monetary damages against Defendants for violations of the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

**ANSWER: To the extent Plaintiff's allegation implies any wrongdoing by these Defendants, it is denied as untrue. As to any remaining allegations, neither admitted nor denied, as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

00691369-1

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions; 28 U.S.C. ¶ 1343, which authorizes federal courts to hear civil rights cases; and 28 U.S.C. § 2201, which authorizes declaratory judgments via the Declaratory Judgment Act.

**ANSWER: Denied as the same is untrue.**

11. Venue is proper in this Court as Defendants, individually and collectively, conduct their business in the Eastern District of Michigan.

**ANSWER: Neither admitted nor denied, as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

GENERAL ALLEGATIONS

12. Prior to actions taken by Defendant MICHELLE THOMAS, personally and/or on behalf of Defendant COUNTY OF GRATIOT, Plaintiff DONALD KFREED owned Parcel No. 13-026-006-10 commonly known as 7706 Bliss Rd, Elwell, MI 48832 in the County of Gratiot, State of Michigan (hereinafter the "Freed Property").

**ANSWER: Neither admitted nor denied, as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

13.   The Freed Property is approximately 35 acres of land and was Plaintiff DONALD FREED's home.

**ANSWER: Neither admitted nor denied, as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

14.   The ownership of the Freed Property was the result of years of hard word [sic] by Plaintiff DONALD FREED.

**ANSWER: Neither admitted nor denied, as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

15.   By Defendant COUNTY OF GRATIOT's own valuation, the Freed Property was or is worth $97,000.00, Exhibit B.

**ANSWER: Neither admitted nor denied, as theswe Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

16.   Plaintiff DONALD FREED owned a mere $735.43 in past due taxes, together with administrative expenses, costs and interest to total $1,109.06.

**ANSWER: Neither admitted nor denied, as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

17. Until the forfeiture, Plaintiff DONALD FREED made and continued to make various payments but did not know or understand the extent he was behind on this small amount of property tax.

**ANSWER: Neither admitted nor denied, as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

18. This is because Plaintiff DONALD FREED cannot read to a sufficient enough level when provided certain written notice(s) of the past due tax.

**ANSWER: Neither admitted nor denied, as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

19. Defendant MICHELLE THOMAS admitted, by counsel, that the required statutory requirements impose [sic] by state law were _not_ met for notice of forfeiture, which required verbal notice as mandated by MCL 211.78i(3).

**ANSWER: Neither admitted nor denied, as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

20. Defendant MICHELLE THOMAS sought and obtained a tax foreclosure judgment from the Michigan Circuit Court for the County of Gratiot taking the property interests of Appellant DONALD FREED due to unpaid taxes and administrative expenses, costs and interest of $1,109.07 related to parcel No. 13-026-006-10, see Exhibit A.

**ANSWER: Neither admitted nor denied, as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

21  Afterwards, the Freed Property was sold for $42,000.00 to a third party, Exhibit C.

**ANSWER: Neither admitted nor denied, as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

22. Defendant MICHELLE THOMAS and Defendant COUNTY OF GRATIOT refused to return the excess equity beyond the unsatisfied tax debt and administrative expenses, costs and interest of $1,109.06 and have

appropriated property's equity worth $97,000.00 for public use by Defendant COUNTY OF GRATIOT.

**ANSWER: Denied as untrue that these Defendants "… appropriated property's equity worth $97,000.00 for public use by Defendant County of Gratiot."  As to the remaining allegations, neither admitted nor denied, as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

## COUNT I
## FIFTH/FOURTEENTH AMENDMENTS VIOLATION
## 42 U.S.C. § 1983

### TAKING

23. The prior allegations are realleged word for word herein.

**ANSWER: Defendants reallege and incorporate their answers to the prior allegations as if fully set forth herein.**

24. Defendant MICHELLE THOMAS and Defendant COUNTY OF GRATIOT have taken property in the form of equity and/or monies beyond the amount of unpaid taxes and administrative expenses, costs and interest of $1,109.906 and have appropriated said monies for public use without the payment of just compensation.

**ANSWER: Denied as the same in untrue.**

00691369-1

25. Said action violates the Fifth and Fourteenth Amendments to the United States Constitution.

**ANSWER: Denied as the same is untrue.**

26. No state court inverse condemnation or takings procedure is unavailable by operation of Michigan case law, *Rafaeli LLC v Oakland County*, Court of Appeals Case No. 330696 (issued Oct 24, 2017, copy attached as Exhibit D).[1]

**ANSWER: Denied as the same is untrue.**

27. the lack of state court inverse condemnation or takings procedure makes such a non-existing process inadequate by operation of Michigan case law, *Rafaeli LLC v Oakland County*, Court of Appeals Case No. 330696 (issued Oct 24, 2017, copy attached as Exhibit D).[2]

**ANSWER: Denied as the same is untrue.**

28. This claim is ripe without exhaustion of state compensation remedies for prudential reasons because the State of Michigan's courts recently and clearly failed to recognize such a taking as existing as a matter

---

[1] *Williamson County* ripeness is a prudential doctrine, not a jurisdictional bar, which can be easily overcome by showing a state does not provide an adequate procedures or remedy to challenge a taking. *Wilkins v. Daniels*, 744 F.3d, 409, 418 (6th Cir. 2014)(citing *Suitum v. Tahoe Reg'l Planning Agency*, kkkk520 U.S. 725, 733-34 (1997)).

[2] *Williamson County* ripeness is a prudential doctrine, not a jurisdictional bar, which can be easily overcome by showing a state does not provide an adequate procedures or remedy to challenge a taking. *Wilkins v. Daniels*, 744 F.3d, 409, 418 (6th Cir. 2014)(citing *Suitum v. Tahoe Reg'l Planning Agency*, kkkk520 U.S. 725, 733-34 (1997)).

00691369-1

of state law, see *Rafaeli LLC v Oakland County*, Court of Appeals Case No. 330696 (issued Oct 24, 2017, copy attached as Exhibit D), and thusly cannot and will not provide adequate/available procedures to obtain relief to the point of near certainly [sic] of not compensating for such a taking.

**ANSWER: Denied as the same is untrue.**

29. It is clear, by the *Rafaeli* decision, the State of Michigan and its subordinate officers and created/empowered entities, including Defendant MICHELLE THOMAS and Defendant COUNTY OF GRATIOT, do not intend to be required or otherwise will pay just compensation by or via any procedures, making any such procedures unavailable or inadequate.

**ANSWER: Denied as the same is untrue.**

30. The actions described herein is a policy, custom, and/or practice of Defendant COUNTY OF GRATIOT or its final policymaker sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and it progeny.

**ANSWER: Denied as the same is untrue.**

31. Plaintiff DONALD FREED has previously and continues to suffer and/or be entitled to an award of damages as result of Defendants' violation of his rights under the United States constitution.

**ANSWER: Denied as the same is untrue.**

00691369-1

32. The conduct of Defendants was reckless and undertaken with complete in [sic] indifference to Plaintiff DONALD FREED's federal rights to be free from violations of the Fifth and Fourteenth Amendments to the United States Constitution.

**ANSWER: Denied as the same is untrue.**

### COUNT II
### EIGHTH AMENDMENT VIOLATION
### 42 U.S.C. § 1983

### EXCESSIVE FINE FORFEITURE

33. The prior allegations are realleged word for word herein.

**ANSWER: Defendants reallege and incorporate their answers to the prior allegations as if fully set forth herein.**

34. The Eighth Amendment to the United States Constitution is the part of the United States Bill of Rights prohibiting the government from imposing excessive fines, which the US Supreme Court has applied to action(s involving forfeitures.

**ANSWER: Plaintiff's allegation states a conclusion of law to which no answer is required. To the extent an answer is required, these Defendants neither admit nor deny, as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

35. By imposing and retaining an excessive fine in the form of the forfeiture of value of Plaintiff DONALD FREED's equity interest in the Freed Property in excess of eighty times the value of the unpaid taxes and administrative expenses, costs and interest of $1,109.06, Plaintiff DONALD FREED's Eighth Amendment rights have been violated.

**ANSWER: Denied as the same is untrue.**

36. The actions described herein is a policy, custom, and/or practice of Defendant COUNTY OF GRATIOT or its final policy maker sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and its progeny.

**ANSWER: Denied as the same is untrue.**

37. Plaintiff DONALD FREED has previously and continues to suffer and/or be entitled to an award of damages as result of Defendants' violation of his rights under the United States Constitution.

**ANSWER: Denied as the same is untrue.**

38. The conduct of Defendants was reckless and undertaken with complete in [sic] indifference to Plaintiff DONALD FREED's federal rights to be free from violation of the Eighth Amendment to the United States Constitution.

**ANSWER: Denied as the same is untrue.**

WHEREFORE, Defendants respectfully request this Honorable Court dismiss the Plaintiff's Complaint and enter a judgment in favor of these Defendants, together with an award of costs and attorney fees wrongfully incurred.

## AFFIRMATIVE DEFENSES

NOW COME these Defendants and give notice that they may establish by way of motion, at trial or otherwise, the following Affirmative Defenses:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. This Court lacks jurisdiction over Plaintiff's Complaint.

3. Plaintiff has failed to exhaust his remedies in state court.

4. Plaintiff's claims may be barred in whole or in part by the doctrine of unclean hands and/or laches.

5. Plaintiff's claims may be barred in whole or in part by the doctrine of estoppel.

6. Plaintiff has failed to mitigate his damages.

7. Plaintiff was not put out of his property in a forceful and/or unlawful manner.

8.  Plaintiff's claims may be barred by the applicable statute of limitations and/or doctrine of laches.

9.  Plaintiff has failed to state claim which constitutes a violation of 42 U.S.C. § 1983 upon which relief can be granted.

10. Plaintiff's claims are barred by immunity and/or qualified immunity for the reason that Defendants acted in good faith and acted in a reasonable manner in the performance of their duties, and acted without malicious intention to cause deprivation of the constitutional rights of Plaintiff.

11. There is no liability in the matter pursuant to 42 U.S.C. § 1983, or any other alleged federal constitutional provisions, for the reason these Defendants are immune from such claims under the circumstances of this case, and Plaintiff has an adequate remedy under state law.

12. Plaintiff's claims are barred by the doctrines of release, waiver, collateral estoppel and/or res judicata.

13. Defendants are entitled to immunity from damages and liability as there is no official county policy, custom, or procedure which resulted in the deprivation of Plaintiff's constitutional rights as defined by law, therefore barring Plaintiff's claims. *Monell v. New York City Dep't. of Social Servs.*, 463 U.S. 658 (1978).

## RELIANCE ON JURY DEMAND

Defendants rely upon Plaintiff's jury demand.

        Respectfully submitted,

        CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

        <u>/s/ Allan C. Vander Laan</u>
        Allan C. Vander Laan (P33893)
        Bradley C. Yanalunas (P80528)
        Attorneys for Defendants
        2851 Charlevoix Drive, SE, Ste. 327
        Grand Rapids, MI 49546
        616/975-7470

Dated: May 11, 2018