UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DONALD FREED,

      Plaintiff,

vs.

MICHELLE THOMAS,
sued in her official and
individual capacities; and
COUNTY OF GRATIOT,

      Defendants.

Case No. 17-cv-13519
Hon. Bernard A. Friedman
Magistrate Patricia Morris

_____

| | |
|---|---|
| Philip L. Ellison (P74117) | Allan C. Vander Laan (P33893) |
| Outside Legal Counsel PLC | Bradley C. Yanalunas (P80528) |
| *Counsel for Plaintiff* | Cummings, McClorey, Davis & Acho, P.L.C. |
| P.O. Box 107 | *Attorneys for Defendants* |
| Hemlock, MI 48626 | 2851 Charlevoix Dr., SE, Ste. 327 |
| Ph: (989) 642-0055 | Grand Rapids, MI 49546 |
| pellison@olcpic.com | Ph: (616) 975-7470 |
| | avanderlaan@cmda-law.com |
| | byanalunas@cmda-law.com |

_____

### RESPONSE OF DEFENDANTS THOMAS AND THE COUNTY OF GRATIOT OPPOSING PLAINTIFF FREED'S "MOTION FOR SUMMARY JUDGMENT" (ECF NO. 29).

    **NOW COME** the Defendants, Michelle Thomas and the County of Gratiot,

by and through their attorneys, **CUMMINGS, McCLOREY, DAVIS & ACHO,**

**P.L.C.**, by Allan C. Vander Laan, and responding in opposition to Plaintiff Donald

Freed's "Motion for Summary Judgment" **(ECF No. 29)**, state:

1.     Plaintiff Freed seeks summary judgment on Count I of his Complaint asserting a "taking" claim under the "Fifth/Fourteenth Amendments" and, alternatively, on his Count II asserting an "excessive fine forfeiture" claim under the Eighth Amendment.

2.     Plaintiff Freed's own motion admits that the allegedly unconstitutional conduct of Defendants Thomas and County of Gratiot was taken pursuant to Michigan's General Property Tax Act, MCL 211.78 *et seq*., which expressly restricts how the "proceeds" from a property tax foreclosure sale may be handled - - with the effect of prohibiting the action demanded by Freed.  **(ECF No. 29, Pg ID 383-4, Plaintiff's Brief, pp. 11-20)**.

3.     In her "individual capacity," Treasurer Thomas has qualified immunity from liability for acting in accordance with the Michigan General Property Tax Act, because there is no clearly established legal authority that action in compliance with the Act would be unconstitutional. *Citizens in Charge, Inc. v. Husted*, 810 F.3d 437, 441 (6th Cir. 2016).

4.     Defendant County of Gratiot, and Treasurer Thomas in her "official capacity" (which constitutes suit against the County, not Thomas personally, *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003), *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)), cannot be held liable for the alleged "taking" caused by enforcement of the Michigan General Property Tax Act, because the GPTA is not a "municipal"

enactment or policy but, rather, an enactment of the State of Michigan. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690 (1978), *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166 (1993).

5.     More fundamentally, what Plaintiff Freed alleges to be an unconstitutional "taking" of property was not a constitutional violation at all, because Freed had no protected interest in the property after ownership vested in Gratiot County.  MCL 211.78k(6), *Raceway Park, Inc. v. Ohio*, 356 F.3d 677, 683 (6th Cir. 2004), *Phillips v. Washington Legal Foundation*, 524, U.S. 156, 164 (1998).

6.     Plaintiff Freed cannot assert a claim under the Eighth Amendment, because Freed's alleged constitutional injury did not arise in the context of a criminal conviction.  *Ingraham v. Wright*, 430 U.S. 651, 604, 671 (1977), *Galas v. McKee*, 801 F.2d 200, 205 (6th Cir. 1986).

**WHEREFORE**, Defendants Michelle Thomas and the County of Gratiot ask this Court to deny Plaintiff Freed's motion for summary judgment **(ECF No. 29)**.

/s/Allan C. Vander Laan
Allan C. Vander Laan (P33893)
Bradley C. Yanalus (P80528)
Cummings, McClorey, Davis & Acho, P.L.C.
*Attorneys for Defendants*
2851 Charlevoix Dr., SE, Ste. 327
Grand Rapids, MI 49546
Ph: (616) 975-7470

Dated: August 1, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DONALD FREED,

     Plaintiff,

vs.

MICHELLE THOMAS,
sued in her official and
individual capacities; and
COUNTY OF GRATIOT,

     Defendants.

Case No. 17-cv-13519
Hon. Bernard A. Friedman
Magistrate Patricia Morris

_____

Philip L. Ellison (P74117)
Outside Legal Counsel PLC
*Counsel for Plaintiff*
P.O. Box 107
Hemlock, MI 48626
Ph: (989) 642-0055
pellison@olcpic.com

Allan C. Vander Laan (P33893)
Bradley C. Yanalunas (P80528)
Cummings, McClorey, Davis & Acho, P.L.C.
*Attorneys for Defendants*
2851 Charlevoix Dr., SE, Ste. 327
Grand Rapids, MI 49546
Ph: (616) 975-7470
avanderlaan@cmda-law.com
byanalunas@cmda-law.com

_____

**BRIEF IN SUPPORT OF
RESPONSE OF DEFENDANTS THOMAS AND
COUNTY OF GRATIOT OPPOSING PLAINTIFF FREED'S
"MOTION FOR SUMMARY JUDGMENT" (ECF NO. 29).**

# **TABLE OF CONTENTS**

Index of Authorities ..................................................................i

Counter-Statement of Issues Presented...................................v

Most Controlling Authority ................................................ vii

Counter-Statement of Facts....................................................1

Standard of Review..................................................................4

Argument...................................................................................5

I.   IN HER "INDIVIDUAL CAPACITY," MICHELLE THOMAS HAS "QUALIFIED IMMUNITY" AGAINST PLAINTIFF FREED'S CLAIMS ...........................................................5

II.  NEITHER THE COUNTY OF GRATIOT, NOR TREASURER THOMAS IN HER "OFFICIAL CAPACITY," CAN BE HELD LIABLE FOR THE CONSEQUENCES OF MICHIGAN'S GPTA ..............................9

III. THE RETENTION OF SO-CALLED "SURPLUS" OR "EXCESS" PROCEEDS WAS NOT UNCONSTITUTIONAL .......................................15

IV.  PLAINTIFF FREED CANNOT MAINTAIN AN EIGHTH AMENDMENT "EXCESSIVE FINES" CLAIM IN THE CONTEXT OF THIS CASE ..........................................................19

Conclusion and Relief Requested .........................................21

Certificate of Service ............................................................22

# INDEX OF AUTHORITIES

## Cases

*Alkire v. Irving*, 330 F.3d 802 (6th Cir. 2003) ........................................10

*Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) ...............................................9

*Bigelow v. Michigan Dept. of Natural Resources*,
970 F.2d 154 (6th Cir. 1992)..................................................................18

*Citizens in Charge, Inc. v. Husted*, 810 F.3d 437 (6th Cir. 2016) ........................6

*City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989) ........................................10

*Coleman through Bunn v. District of Columbia*,
70 F. Supp. 3d 58 (D.D.C. 2014)..............................................................9, 17

*Doe v. Claiborne County, Tenn.*, 103 F.3d 495 (6th Cir. 1996)............................10

*Gray v. City of Detroit*, 399 U.S. 612 (6th Cir. 2005)............................................10

*Harbor Watch Condominium Ass'n. v. Emmett County Treasurer*,
308 Mich. App. 380; 863 N.W.2d 745 (2014)..................................................7, 12

*Harlow v. Fitzgerald*, 257 U.S. 800 (1982)..................................................5

*Ingraham v. Wright*, 430 U.S. 651 (1977)............................................................20

*Johnson v. Moseley*, 790 F.3d 649 (6th Cir. 2015)..................................................5

*Johnson v. Turner*, 125 F.3d 324 (6th Cir. 1997)............................................12, 13

*Kentucky v. Graham*, 473 U.S. 159 (1985)........................................................9

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*,
507 U.S. 163 (1993)..................................................................................11

*Livermore ex rel. Rohm v. Lubelan*, 476 F.3d 397 (2007)....................................5

*McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316 (1819) ...............................18, 19

*Monell v. Dept. of Social Services of City of New York*,
436 U.S. 658 (1978)................................................................................11, 13, 14

*Mullenix v. Luna*, ___ U.S. ___, 136 S. Ct. 305 (2015)....................................6, 8

*Nelson v. City of New York*, 352 U.S. 103 (1956)...................................16, 17, 18

*Pearson v. Callahan*, 555 U.S. 223 (2009) .........................................................5, 6

*Phillips v. Washington Legal Foundation*, 524 U.S. 156 (1998) ........................15

*Pollard v. City of Columbus, Ohio*, 780 F.3d 390 (6th Cir. 2015) .........................6

*Puckett v. Lexington-Fayette Urban County Government*, 833 F.3d
590 (6th Cir. 2016)................................................................................................15

*Raceway Park, Inc. v. Ohio*, 356 F.3d 677 (6th Cir. 2004) ..................................15

*Rafaeli LLC v. Wayne County*, No. 14-13958, 2015 WL 3522546
(E.D. Mich. 2015) ................................................................................................18

*Robertson v. Lucas*, 753 F.3d 606 (6th Cir. 2014)..................................................6

*Ruckelshaus v. Monsanto Co.*, 467 U.S. 986 (1984) ...........................................15

*Saylor v. Bd. of Ed. of Harlan County, Ky.*, 118 F.3d 407 (6th Cir. 1997) ...........8

*Swanson v. Powers*, 937 F.2d 965 (6th Cir. 1991)..................................................7

*Vereecke v. Huron Valley School Dist.*, 609 F.3d 392 (6th Cir. 2010)................11

*Wayside Church v. Van Buren County*, 847 F.3d 812 (6th Cir. 2017)................18

*White v. Pauly*, ___ U.S. ___, 137 S. Ct. 548 552 (2017) ......................................8

## **Statutes**

MCL 211.78 ................................................................................................1

MCL 211.78k(6) .......................................................................................16

MCL 211.78m(8) ...................................................................................7, 14

MCL 211.78m(8)(a)2(f) ............................................................................7

MCL 211.78m(8)(h) ..................................................................................2

## **Rules**

Fed. R. Civ. P. 56 .....................................................................................4

Fed. R. Civ. P. 56(a) .................................................................................4

Fed. R. Civ. P. 56(f) .................................................................................3

## COUNTER-STATEMENT OF ISSUES PRESENTED

I.   **SHOULD PLAINTIFF FREED'S MOTION FOR SUMMARY JUDGMENT BE DENIED** AS TO MICHELLE THOMAS IN HER "INDIVIDUAL CAPACITY" ON THE GROUND THAT THOMAS HAS "QUALIFIED IMMUNITY" AGAINST PLAINTIFF FREED'S CLAIMS?

   Plaintiff Freed answers: "No."

   Defendants Thomas and County of Gratiot answer: "Yes."

II.  **SHOULD SUMMARY JUDGMENT BE GRANTED TO MICHELLE THOMAS** IN HER "INDIVIDUAL CAPACITY" UNDER FED. R. CIV. P. 56(f) ON THE GROUND OF "QUALIFIED IMMUNITY" AGAINST PLAINTIFF FREED'S CLAIMS?

   Plaintiff Freed answers: "No."

   Defendants Thomas and County of Gratiot answer: "Yes."

III. **SHOULD PLAINTIFF FREED'S MOTION FOR SUMMARY JUDGMENT BE DENIED -** - AS TO MICHELLE IN HER "OFFICIAL CAPACITY" AND THE COUNTY OF GRATIOT - - ON THE GROUND THAT NEITHER DEFENDANT CAN BE LIABLE FOR ENFORCING A STATE STATUTE?

   Plaintiff Freed answers: "No."

   Defendants Thomas and County of Gratiot answer: "Yes."

IV. **SHOULD SUMMARY JUDGMENT BE GRANTED TO MICHELLE THOMAS** IN HER "OFFICIAL CAPACITY," **AND THE COUNTY OF GRATIOT** UNDER FED. R. CIV. P. 56(f) ON THE GROUND THAT THESE DEFENDANTS CANNOT BE LIABLE FOR ENFORCING A STATE STATUTE?

Plaintiff Freed answers: "No."

Defendants Thomas and County of Gratiot answer: "Yes."

V. **SHOULD PLAINTIFF FREED'S MOTION FOR SUMMARY JUDGMENT BE DENIED** AS TO BOTH DEFENDANTS ON THE BASIS THAT MICHIGAN'S GPTA IS NOT UNCONSTITUTIONAL?

Plaintiff Freed answers: "No."

Defendants Thomas and County of Gratiot answer: "Yes."

VI. **SHOULD PLAINTIFF FREED'S MOTION FOR SUMMARY JUDGMENT BE DENIED** ON THE GROUND THAT FREED CANNOT MAINTAIN AN EIGHTH AMENDMENT "EXCESSIVE FINES" CLAIM UNLESS CONVICTED OF A CRIMINAL OFFENSE?

Plaintiff Freed answers: "No."

Defendants Thomas and County of Gratiot answer: "Yes."

# MOST CONTROLLING AUTHORITY

*Citizens in Charge, Inc. v. Husted*, 810 F.3d 437 (6th Cir. 2016) ........................6

*Ingraham v. Wright*, 430 U.S. 651 (1977)............................................................20

*Johnson v. Turner*, 125 F.3d 324 (6th Cir. 1997)............................................12, 13

*Monell v. Dept. of Social Services of City of New York*,
436 U.S. 658 (1978)..................................................................................11, 13, 14

*Raceway Park, Inc. v. Ohio*, 356 F.3d 677 (6th Cir. 2004) ...................................15

*Vereecke v. Huron Valley School Dist.*, 609 F.3d 392 (6th Cir. 2010).................11

## <u>COUNTER-STATEMENT OF FACTS</u>

Plaintiff Donald Freed asserts that "*[s]eizing and selling property far in excess of past due tax debt is a regular custom and practice of Defendant Gratiot County*." **(ECF No. 29, Pg ID 375, Plaintiff's Motion, p. 3)**.  Freed seeks damages from Gratiot County and the County Treasurer, Michelle Thomas, for this allegedly unconstitutional conduct.

Yet Freed fundamentally undermines his claims against the Defendants by his admission that Gratiot County and Treasurer Thomas "*were acting pursuant to the GTPA*," i.e., the Michigan General Property Tax Act (GPTA) MCL 211.78 *et seq*. **(ECF No. 29, Pg ID 378-9, Plaintiff's Motion, pp. 6-7)**.  Freed acknowledges that the GPTA prescribes how foreclosure for tax arrearage is to be handled by local authorities.  **(ECF No. 29, Pg ID 382-4, Plaintiff's Motion, pp. 10-12)**.  Most importantly, Freed acknowledges that the GPTA affords no option for Gratiot County and Treasurer Thomas to give Freed the refund he demands.

Although there is an apparent typographical error in Plaintiff Freed's motion, it is clear from the context that Freed acknowledges that the GPTA prevents Thomas and the County from refunding the "*surplus*" or "*excess*" proceeds that Freed claims it is unconstitutional for them to retain.  As Freed states:

> Additionally, the GTPA acts to permit [*sic, prohibit*] local governments from refunding to the owner any excess proceeds from tax sales, but instead distributes the same either to the County's general fund or the State of

Michigan's land reutilization fund depending on who the foreclosing governmental unit was.
**(ECF No. 29, Pg ID 383-4, Plaintiff's Brief, pp. 11-2, citing MCL 211.78m(8)(h)**.

That Freed meant to say "*prohibits*" rather than "*permits*" is confirmed by the next sentence of his recitation, which reads:

There is no proceeds-return process under the GTPA.

**(ECF No. 29, Pg ID 384, Plaintiff's Brief, p. 12)**.

For purposes of responding to Plaintiff Freed's motion, without raising any disputed issues of fact to prejudice their own defensive posture (*particularly Defendant Thomas' claim of qualified immunity*), Defendants Thomas and County of Gratiot do not deny that Plaintiff Freed's foreclosed property sold after foreclosure for an amount greater than Freed's tax liability.  The Defendants also do not deny that the "*surplus*" or "*excess*" amount (as Freed characterizes it) was not refunded to Freed.

But it is the position of Thomas and the County of Gratiot that they cannot be held liable in damages for acting in accordance with the statutory mandates of Michigan's GPTA.   Moreover, even assuming *arguendo* that retention of the "surplus" or "excess" proceeds violates the Constitution, Treasurer Thomas has "qualified immunity" against Freed's claims targeting her in her "individual capacity."

2

As a consequence, Plaintiff Freed's Motion for Summary Judgment should be denied.  Instead, as explained below, Thomas and the County of Gratiot are entitled to summary judgment in *their* favor under Fed. R. Civ. P. 56(f) as a matter of law.

## STANDARD OF REVIEW

The fundamental criterion for summary judgment under Fed. R. Civ. P. 56 is that "there is no genuine dispute as to any material fact *and the movant is entitled to judgment as a matter of law*."  Fed. R. Civ. P. 56(a).  Even assuming *arguendo* that the facts are as Plaintiff Freed alleges, Freed's motion for summary judgment **(ECF No. 29)** fails because he is not "entitled" to judgment "as a matter of law."  In reality, it is Defendants Thomas and County of Gratiot who have that entitlement.

## **ARGUMENT**

I. **IN HER "INDIVIDUAL CAPACITY," MICHELLE THOMAS HAS "QUALIFIED IMMUNITY" AGAINST PLAINTIFF FREED'S CLAIMS.**

A plaintiff's claim against "individual officers in their individual capacities implicates qualified immunity." *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015). "[G]overnment officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 257 U.S. 800, 818 (1982). "When a defendant raises a defense of qualified immunity, the plaintiff bears the burden of demonstrating that the defendant is not entitled to qualified immunity." *Livermore ex rel. Rohm v. Lubelan*, 476 F.3d 397, 403 (2007).

The question of a defendant's qualified immunity invokes a two-pronged inquiry. First, "a court must decide whether the facts that the plaintiff has alleged or shown make up a violation of a constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Second, "the court must decide whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." *Id*.

In this latter context, a right is "clearly established" only where the existing case law precedents demonstrate the existence of the right to be "beyond dispute," such that "every reasonable officer would have understood that what he is doing

violates that right." ***Mullenix v. Luna***, ___ U.S. ___, 136 S. Ct. 305, 308 (2015).

Moreover, qualified immunity "covers mistakes in judgment, whether the mistake is

one of fact or one of law." ***Pearson***, 555 U.S. at 231.

Moreover, "[e]ach defendant's liability must be assessed individually based

on his or her own actions." ***Pollard v. City of Columbus, Ohio***, 780 F.3d 390, 402

(6th Cir. 2015). "Simply put, to establish liability and to overcome a qualified

immunity defense, an individual [plaintiff] must show that his or her *own* rights were

violated and that the violation was committed *personally* by the defendant."

***Robertson v. Lucas***, 753 F.3d 606, 615 (6th Cir. 2014) *emphasis in original*.

In the context of the foregoing principles, the Sixth Circuit has observed that

"the Supreme Court has never denied qualified immunity to a public official who

enforced a properly enacted statute that no court had invalidated." ***Citizens in***

***Charge, Inc. v. Husted***, 810 F.3d 437, 441 (6th Cir. 2016). As explained by the Sixth

Circuit:

> When public officials implement validly enacted state
> laws that no court has invalidated, their conduct typically
> satisfies the core inquiry - - the objective reasonableness
> of an official's conduct - - that the immunity doctrine was
> designed to test. State officials swear to uphold the state
> and federal constitutions, and the presumption of
> constitutionality accompanies their enactments - - a
> presumption on which executive officials generally may
> depend in enforcing the legislature's handiwork.
> ***Id.***, at 441, *citations omitted*.

The Sixth Circuit has also observed, "[a]ny other approach would place risky pressures on public officials to second-guess legislative decisions." *Id.*, at 442. As the Court had stated in another decision:

> Government would come to a virtual standstill if executive officials concluded that their safest course of action was to ignore the laws of the state and to take no course of action for fear of liability. *Reliance upon the presumptive validity of state law may be "the paradigm" of objectively reasonable conduct that the grant of immunity was designed to protect.* The usual practice must therefore be that until judges say otherwise, state officers have the power to carry forward the directives of the state legislature.
> *Swanson v. Powers*, 937 F.2d 965, 969 (6th Cir. 1991) *citations omitted*, *emphasis added*.

Plaintiff Freed's own motion acknowledges that Michigan's GPTA does not provide for "surplus" or "excess" proceeds from a tax foreclosure sale to be refunded to the delinquent taxpayer.  **(ECF No. 29, Pg ID 383-4, Plaintiff's Brief, pp. 11-2)**. The statutory provision that Freed himself cites for this point is very clear.  Tax foreclosure sale proceeds "*shall only be used by the foreclosing governmental unit*" for specific, enumerated purposes - - none of which allow refunding any sums to the foreclosed taxpayer.  MCL 211.78m(8), *emphasis added*.  As a county treasurer, Michelle Thomas "must" deposit tax foreclosure sale proceeds into restricted accounts "and may only use the proceeds according to the priority set out in MCL 211.78m(8)(a)2(f)."  ***Harbor Watch Condominium Ass'n. v. Emmett County Treasurer***, 308 Mich. App. 380, 387; 863 N.W.2d 745, 749 (2014).

As treasurer of Gratiot County, Michelle Thomas acted in accordance with Michigan's GPTA, which no court has yet declared invalid in these respects.  It was reasonable for Thomas to enforce the mandates of the GPTA - - including denying any refund to Plaintiff Freed.

Of particular relevance for purposes of qualified immunity, there has never been any "clearly established" law to suggest that Michelle Thomas should not enforce the GPTA.  As stated above, law is "clearly established" only where existing case law precedents demonstrate the existence of a right to be "beyond dispute," such that "every reasonable officer would have understood that what he is doing violates that right." *Mullenix*, 136 S. Ct. at 308.  Moreover, "clearly established law" cannot be defined "at a high level of generality." *White v. Pauly*, ___ U.S. ___, 137 S. Ct. 548, 552 (2017).  The guiding precedents "must be particularized to the facts of the case." *Id*.  "[F]or qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law *in the circumstances*." *Saylor v. Bd. of Ed. of Harlan County, Ky.*, 118 F.3d 507, 515 (6th Cir. 1997).  As explained by the Supreme Court:

> Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions.  When properly applied, it protects

> all by the plainly incompetent or those who knowingly violate the law.
>
> *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011).

As described below in argument III, Plaintiff Freed does not even pretend that such "clearly established" law exists. His reliance is upon a district court decision from the District of Colombia, *Coleman through Bunn v. District of Columbia*, 70 F. Supp. 3d 58 (D.D.C. 2014).

Therefore, both prongs of qualified immunity favor Michelle Thomas. First, it is not a constitutional violation for a municipal official to enforce state law. Second, there is no "clearly established" precedent from which Michelle Thomas should suspect Michigan's GPTA to be unconstitutional. Therefore, Thomas is entitled to "qualified immunity" to the full extent that Plaintiff Freed seeks to hold her liable in her "individual capacity" on either his Fifth/Fourteenth Amendment "taking" claim or his Eighth Amendment "excessive fine" claim.

### II. NEITHER THE COUNTY OF GRATIOT, NOR TREASURER THOMAS IN HER "OFFICIAL CAPACITY," CAN BE HELD LIABLE FOR THE CONSEQUENCES OF MICHIGAN'S GPTA.

A claim seeking damages against a public official in her "official capacity" represents "only another way of pleading an action against the entity of which the officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-6 (1985). "It is *not* a suit against the official personally, for the real party in interest is the entity," and "a

plaintiff seeking to recover on a damage judgment in an official-capacity suit must look to the government entity itself." ***Id.***, at 166, *emphasis in original*.

In this light, an "official capacity" claim is properly dismissed as duplicative of the claim against the government entity that the official serves. ***Doe v. Claiborne County, Tenn.***, 103 F.3d 495, 509 (6th Cir. 1996), ***Alkire v. Irving***, 330 F.3d 802, 810 (6th Cir. 2003). Therefore Plaintiff Freed's claim against Michelle Thomas in her "official capacity" should be dismissed as duplicative of Freed's claim against the County of Gratiot.

Attention then turns to Plaintiff Freed's claims against the County of Gratiot. These claims fail as a matter of law.

To maintain a §1983 claim against the County of Gratiot, Plaintiff Freed must present evidence that some policy, practice or custom established *by the County* actually *caused* Defendant Thomas (or other County officers) to take unconstitutional actions toward Freed. "Municipal liability must rest upon a direct causal connection between the policies or customs of the [municipality] and the constitutional injury to the plaintiff; *respondeat superior* or vicarious liability will not attach." ***Gray v. City of Detroit***, 399 U.S. 612, 617 (6th Cir. 2005), see also ***City of Canton, Ohio v. Harris***, 489 U.S. 378, 385 (1989).

Specifically, it is Plaintiff Freed's burden to present evidence to "(1) identify the municipal policy or custom, (2) *connect the policy to the municipality*, and (3)

show that [Freed's] particular injury was incurred due to the execution of that policy." *Vereecke v. Huron Valley School Dist.*, 609 F.3d 392, 403 (6th Cir. 2010).

Freed's claims fail, because he cannot connect the alleged "taking" and "excessive fine" in this case to a policy or custom *of* the County of Gratiot. By his own recitation, Plaintiff Freed's injury was caused by enforcement of *Michigan's* GPTA - - a State legislative enactment - - not an enactment, policy or custom of the *County of Gratiot*.

In recognizing the validity of §1983 claims against local governing units, the Supreme Court expressly limited the scope of such claims. The Court explained that:

> Local governing bodies, therefore, can be sued directly under §1983 for monetary, declaratory, or injunctive relief *where*, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by *that body's* officers.
> *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690 (1978), *emphasis added*.

As subsequently reiterated by the Court:

> In short, a municipality can be sued under §1983, but it cannot be held liable unless a *municipal policy or custom* caused the constitutional injury.
> *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166 (1993) *emphasis added*.

Even assuming that the retention of "surplus" or "excess" proceeds from the sale of property following a tax foreclosure is unconstitutional, the procedures that deny a refund to Plaintiff Freed do not result from a policy or custom of the County of Gratiot. They result from a Michigan legislative enactment, which Gratiot County and Treasurer Thomas are obligated to follow. *Harbor Watch Condominium Ass'n.*, 308 Mich. App. at 387, 863 N.W.3d at 749. As Freed himself summarizes the issue: "*So, the question becomes, does the <u>GPTA</u> provide (after the taking) a proceeds-return process when excess equity is taken*?" There is a causal connection between this *State of Michigan* statutory mandate and the actions toward Plaintiff Freed. But this connection between an enactment of the *State* and the alleged injury to Freed does not give rise to a §1983 claim against the *County of Gratiot* or Michelle Thomas in her "official capacity".

The instructive and controlling opinion of the Sixth Circuit in this regard is *Johnson v. Turner*, 125 F.3d 324 (6th Cir. 1997). In that case, four plaintiffs claimed that arrest and asset seizure provisions of the paternity and child support statutes of the State of Tennessee were unconstitutional. Citing a memorandum of a county judge directing court staff to follow the procedures complained of by the plaintiffs, the plaintiffs sought monetary damages from the county. The Sixth Circuit dismissed the claim against the county stating that:

> The district court properly concluded that Judge Turner's
> memorandum that discusses the initiation of the

> attachment *pro corpus* is not a "policy" for the Child Support Bureau, but rather a general statement of state law as perceived by the juvenile court judge. . . . The Shelby County government could not have altered the state's statutes, nor could it have required Judge Turner to interpret those statutes differently or otherwise interfere with the means used by the juvenile court and its employees to carry out state law.
> *Johnson*, 125 F.3d at 335-6.

The same result is mandated in the present case.

Neither Treasurer Thomas nor any other officials of the County of Gratiot can change Michigan's GPTA. It is not an enactment or policy of the County. It is a State statutory system that Thomas and the County must follow. Because it is not a policy or custom of the County, neither the County nor Thomas can be subject to any liability for enforcing it.

Furthermore, the Supreme Court's description in ***Monell***, of the scope of municipal liability precludes *monetary, declaratory* or *injunctive* relief against the Defendants. Again, as stated by the Supreme Court, a municipal government "*can be sued directly under §1983 for monetary, declaratory, or injunctive relief*" only where the allegedly unconstitutional action implements a policy "*officially adopted and promulgated by that body's officers*." ***Monell***, 436 U.S. at 690. Again, the GPTA is not an enactment, policy or custom of the County of Gratiot or Treasurer Thomas. Neither monetary, nor declaratory, nor injunctive relief can be obtained by Freed from the County or Thomas.

Moreover, it is particularly inappropriate to litigate the declaratory element of the relief sought by Plaintiff Freed in a case to which the author and promulgator of the GPTA - - the State of Michigan - - is not a party.  Such relief is not properly litigated against Treasurer Thomas and the County - - either substantively under *Monell* or as a matter of public policy.

It is important in this context to dispel the assertion by Freed that this case presents only an "as applied" challenge to the GPTA, father than a "facial" challenge to the constitutionality of the statute.  Plaintiff Freed attempts to cast his claim in the former light in the *ad damnum* clause of his Complaint **(ECF No. 1, Pg ID 6, Complaint, ¶ 39.b.)**.  Freed also strenuously emphasizes the "as applied" notion in his response opposing the pending motion by the Genesee, Ingham, Marquette and Midland County treasurers to intervene in this case.  **(ECF No. 31, Pg ID 625, 638, 639, Plaintiff's Response Opposing Intervention, p. 1 and supporting brief, pp. 1-2)**.  But this contention is manifestly disingenuous.

Freed admits in his motion for summary judgment that the GPTA compels the actions by Thomas and the County that Freed claims are "unconstitutional"  - - i.e., the retention of supposedly "surplus" or "excess" proceeds by mandate of the restrictions on use of those proceeds imposed by MCL 211.78m(8).  Treasurer Thomas and the County of Gratiot simply did what the statute requires.  Therefore,

any finding that the Defendants' "application" of the statute was "unconstitutional" necessarily declares that the statute itself is unconstitutional.

In this case, the "application" by the Defendants cannot be divorced from the facial requirements of the GPTA itself. There is no claim that the Defendants applied the GPTA unequally to Freed as opposed to other foreclosed taxpayers. Rather, Freed's alleged "injury" arises by virtue of the Defendants enforcing the GPTA *as it is written*. Therefore, what Freed pleads is a "facial" challenge to the GPTA.

### III. THE RETENTION OF SO-CALLED "SURPLUS" OR "EXCESS" PROCEEDS WAS NOT UNCONSTITUTIONAL.

Moreover, the fundamental predicate to a "taking" claim is that the plaintiff must have a "property interest" in whatever property he or she is claiming was taken. The first question to be answered in any "takings" case is whether the plaintiff has a cognizable property interest. *Puckett v. Lexington-Fayette Urban County Government*, 833 F.3d 590, 609 (6th Cir. 2016), *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1000-1 (1984). "[T]here is no taking if there is no private property in the first place." *Raceway Park, Inc. v. Ohio*, 356 F.3d 677, 683 (6th Cir. 2004).

"Because the constitution protects rather than creates property interests, the existence of a property interest is determined by reference to existing rules or understandings that stem from an independent source such as state law." *Phillips v. Washington Legal Foundation*, 524 U.S. 156, 164 (1998). Under Michigan law,

*ownership* of foreclosed property *vests in the county treasurer* when the property redemption period expires - - i.e., within 21 days after the judgment of foreclosure. MCL 211.78k(6).

Plaintiff Freed concedes in his motion that his property was foreclosed and title transferred to Gratiot County in February 2017. **(ECF No. 29, Pg ID 374, Plaintiff's Motion, p. 2)**. The sale resulting in the allegedly "surplus" or "excess" proceeds is acknowledged by Freed to have occurred in August 2017. **(ECF No. 29, Pg ID 375, Plaintiff's Motion, p. 3)**. Thus, by the time of the sale, Plaintiff Freed no longer had any "property interest" in the foreclosed premises under state law. Under Freed's own recitation of facts, Gratiot County alone had a "property interest" in any proceeds of the August 2017 sale. Absent a property interest, Freed lacks the predicate basis for a "takings" claim.

Moreover, even assuming Plaintiff Freed had some "property interest," Plaintiff Freed's interpretation of the case law acknowledges that the United States Supreme Court has never declared government retention of "surplus" or "excess" foreclosure sale proceeds unconstitutional. Rather, under Freed's own assessment, the Supreme Court has "*reserved*" this issue for resolution. ***Nelson v. City of New York***, 352 U.S. 103 (1956). **(ECF No. 29, Pg ID 382, Plaintiff's Motion, p. 10)**.

But Freed himself also tacitly admits that the Supreme Court never subsequently decided the issue. He relies for relief upon a district court decision in

*Coleman through Bunn v. District of Columbia*, 70 F. Supp. 3d 58 (D.D.C. 2014) and upon theoretical rationales of his own formulation to explain how a "taking" has supposedly occurred.  **(ECF No. 29, Pg ID 382, 385-7 (Plaintiff's Motion, pp. 10, 13-15)**.

It suffices to say that a decision by this Court in Freed's favor would be a declaration of new law, with no direct support in any Supreme Court or Sixth Circuit precedent.  Freed concedes that the decision in *Nelson* has been read as holding that retention of "*surplus*" or "*excess*" proceeds is constitutional, particularly if a state court takings challenge could be filed.  As already discussed in the previous submissions on behalf of Thomas and the County of Gratiot **(ECF Nos. 6, 10, 12 and 23)** Michigan law absolutely does afford such a procedure.  But Freed has pursued relief in this federal forum, rather than a state court.

This Court has ruled that the existence of the Michigan state court option does not deprive this Court of jurisdiction.  **(ECF No. 25, Pg ID 336-345, Opinion and Order)**.  Unless and until such ruling can be appealed, it stands.

But for purposes of Freed's summary judgment motion, that *jurisdictional* decision by this Court is not dispositive.  This Court held only that it did not believe Michigan courts would give Freed "*a full hearing and judicially determine the instant controversy*," not that a state court action could not be filed.  **(ECF No. 25, Pg ID 344, Opinion and Order, p. 9)**.  The *option* to file state court proceedings

*does* exist.   The Sixth Circuit has held that Michigan's inverse condemnation proceedings are legitimate.  ***Bigelow v. Michigan Dept. of Natural Resources***, 970 F.2d 154, 157 (6th Cir. 1992).  ***Wayside Church v. Van Buren County***, 847 F.3d 812 (6th Cir. 2017). Another judge of this Court has held the same.  ***Rafaeli LLC v. Wayne County***, No. 14-13958, 2015 WL 3522546 (E.D. Mich. 2015) **(See ECF No. 10-2, Pg ID 181-188)**.  This Court, it must be recalled, based its decision upon the *dissenting* opinion in ***Wayside Church***.  **(ECF No. 25, Pg ID 338, 343, Opinion and Order, pp. 3, 9)**.

The Supreme Court opinion in ***Nelson*** can be read to hold that retention of "surplus" or "excess" proceeds *is* constitutional, so long as a takings claim can be filed in the state courts.  The Sixth Circuit has declared that such option does exist in Michigan.  Therefore, the GPTA is constitutionally sound.

Moreover, the foundational discussion of state taxation provided by Chief Justice John Marshall in ***McCulloch v. Maryland***, 17 U.S. (4 Wheat.) 316 (1819) is relevant here.  After explaining that "the power of taxation is one of vital importance that is retained by the states," Justice Marshall then explained:

> It is admitted, that the power of taxing the people and their property, is essential to the very existence of government, and may be legitimately exercised on the objects to which it is applicable, to the utmost extent to which the government [of a state] may choose to carry it.  The only security against the abuse of this power, is found in the structure of the government itself. In imposing a tax, the legislature acts upon its constituents.  This is, in general, a

> sufficient security against erroneous and oppressive taxation.
>
> The people of a state, therefore, give to their government a right of taxing themselves and their property, and as the exigencies of government cannot be limited, they prescribe no limits to the exercise of this right, resting confidently on the interest of the legislator, and on the influence of the constituent over their representative, to guard them against its abuse.

*McCulloch*, 17 U.S. at 428.

The Michigan Legislature prescribed the procedures of which Plaintiff Freed complains.  It is not the role of the Defendants Thomas and County of Gratiot to provide relief.  Plaintiff Freed's dispute is with the policy of the State of Michigan and should not be addressed in litigation to which the State is not a party.

## IV.   PLAINTIFF FREED CANNOT MAINTAIN AN EIGHTH AMENDMENT "EXCESSIVE FINES" CLAIM IN THE CONTEXT OF THIS CASE.

There can be no question that the Eighth Amendment does not apply to this case.  Acknowledging that the Eighth Amendment prohibits "excessive fines," the Supreme Court has explained:

> Bail, fines, and punishment traditionally have been associated with the criminal process, and by subjecting the three to parallel limitations the text of the amendment suggests an intention to limit the power of those entrusted with the criminal-law function of government.   An examination of the history of the amendment and the decisions of this Court construing the proscription against cruel and unusual punishment confirms that *it was designed to protect those <u>convicted of crimes</u>*.

*Ingraham v. Wright*, 430 U.S. 651, 664 (1977).

The Supreme Court in ***Ingraham*** specifically rejected application of the Eighth Amendment to prohibit corporal punishment in schools.  But its reasoning likewise precludes application of the amendment to the retention of proceeds from a tax foreclosure sale.  Freed has not been "convicted of crimes."

## CONCLUSION AND RELIEF REQUESTED

For the reasons described above, there is no basis for summary judgment against Defendants Michelle Thomas and County of Gratiot in this case. Thomas is immune from liability in her "individual capacity." Neither the County, nor Thomas in her "official capacity," can be held liable for what Freed himself admits is the mandated legal consequence of a State statute. The State statute is not a policy or custom of Thomas or the County.

/s/Allan C. Vander Laan
Allan C. Vander Laan (P33893)
Bradley C. Yanalus (P80528)
Cummings, McClorey, Davis & Acho, P.L.C.
*Attorneys for Defendants*
2851 Charlevoix Dr., SE, Ste. 327
Grand Rapids, MI 49546
Ph: (616) 975-7470

Dated: August 1, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: (none).

/s/ Allan C. Vander Laan
Allan C. Vander Laan

00723506-1

21