UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD FREED,

    Plaintiff,                                                            Civil Action No. 17-CV-13519

vs.                                                                   HON. BERNARD A. FRIEDMAN

MICHELLE THOMAS and
COUNTY OF GRATIOT,

    Defendants.
_____/

**OPINION AND ORDER DENYING THE MOTION OF GENESEE COUNTY TREASURER, INGHAM COUNTY TREASURER, MARQUETTE COUNTY TREASURER, AND MIDLAND COUNTY TREASURER TO INTERVENE**

        This matter is presently before the Court on the motion of the Treasurers of the Counties of Genesee, Ingham, Marquette, and Midland ("proposed intervenors") to intervene [docket entry 30]. Plaintiff has filed a response in opposition, and the proposed intervenors have filed a reply. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide the motion without a hearing.

        This is a takings case. The gist of the complaint is that defendants Gratiot County and its treasurer, Michelle Thomas, "took Plaintiff Donald Freed's property worth $97,000.00 to satisfy a past due tax of $735.43 (plus other expenses), and then refused to refund any of the difference beyond what [was] needed to satisfy that debt." Compl. ¶ 1. The property is a house on a 35-acre parcel in Elwell, Michigan, where plaintiff lived. *Id.* ¶¶ 12-13. Plaintiff allegedly did not know "the extent he was behind on this small amount of property tax" because he "cannot read to a sufficient enough level" and defendant Thomas did not provide him with verbal notice. *Id.* ¶¶ 17-19. In February 2017, Thomas obtained a foreclosure judgment against the property due to

plaintiff's failure to pay $1,109.60 in past-due property taxes, interest, and fees. *Id.* ¶ 20. In August 2017, Thomas sold the property to a third party for $42,000. *Id.* ¶ 21. Defendants "refused to return the excess equity." *Id.* ¶ 22.

The complaint asserts two claims. Count I, which is based on the Fifth and Fourteenth Amendments, claims that defendants "have taken property in the form of equity and/or monies beyond the amount of unpaid taxes and administrative expenses . . . and have appropriated said monies for public use without the payment of just compensation." *Id.* ¶¶ 24-25. Count II, which is based on the Eighth Amendment, claims that defendants violated plaintiff's rights "[b]y imposing and retaining an excessive fine in the form of the forfeiture of value of [his] equity interest . . . in excess of eighty times the value of the unpaid taxes and administrative expenses." *Id.* ¶¶ 34-35. For relief, plaintiff asks that the Court

> a. Enter an order . . . declaring the conduct of Defendants as being unconstitutional;
>
> b. Enter an order . . . declaring the General Property Tax Act, Act 206 of 1893, as applied to Plaintiff . . . as being unconstitutional and enjoin its future application in the same manner against Plaintiff . . . by Defendants;
>
> c. Enter an order for injunctive relief to halt the illegal processes and procedures of Defendants in violation of the Fifth, Eighth and/or Fourteenth Amendments to the United States Constitution;
>
> d. Enter an order for damages in the amount of taken and/or forfeited equity and/or funds in excess of the unpaid taxes and administrative expenses, costs and interest of $1,109.06 [sic] obtained and retained by Defendants by its [sic] illegal actions;
>
> e. Enter an order for an award of nominal and/or punitive damages;
>
> f. Enter an order for an award of actual reasonable attorney fees and litigation expenses . . .

2

g. Enter an order for all such other relief the court deems equitable.

*Id.* ¶ 39.

The treasurers of Genesee, Ingham, Marquette, and Midland Counties "are moving to intervene in this matter so they can protect the statute at issue as applied in this matter." Proposed Intervenors' Reply at 2. They claim to "have a substantial interest in insuring that the Act is not declared unconstitutional in any way." *Id.* These proposed intervenors believe they "have a significant interest in this matter because they are the governmental actors primarily responsible for administering the statute at issue in their respective jurisdictions." Proposed Intervenors' Main Br. at 6. They contend they must "be allowed to intervene to protect the integrity of the tax foreclosure process, the statute at issue and the State of Michigan's sovereign right to establish a comprehensive process for the assessment and collection of real property taxes, free of federal interference." *Id.* at 6-7. In short, they argue "intervention is warranted . . . to allow Proposed Intervenors to vigorously litigate the issues and fully protect and defend their substantial and significant interests." *Id.* at 12.

Intervention is governed by Fed. R. Civ. P. 24, which states in relevant part:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) Permissive Intervention.

> (1) In General. On timely motion, the court may permit anyone to intervene who:
>
>> (A) is given a conditional right to intervene by a federal statute; or
>>
>> (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> (2) By a Government Officer or Agency. On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:
>
>> (A) a statute or executive order administered by the officer or agency; or
>>
>> (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.
>
> (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

To be granted intervention as a matter of right, proposed intervenors must show "(1) that the motion to intervene was timely; (2) that they have a substantial legal interest in the subject matter of the case; (3) that their ability to protect that interest may be impaired in the absence of intervention; and (4) that the parties already before the court may not adequately represent their interest." *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999). To be granted intervention permissively, the proposed intervenors "must establish that the motion for intervention is timely and allege[] at least one common question of law or fact. Once these two requirements are established, the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005) (citation omitted).

The proposed intervenors have not demonstrated their entitlement to intervene either as a matter of right or permissively. First, the motion is untimely. The complaint in this matter was filed on October 28, 2017, and the Court denied defendants' motion to dismiss on April 26, 2018. The proposed intervenors do not reveal when they first became aware of this case, but an email attached to plaintiff's response as Ex. A shows that Michigan's county treasurers have been following the case since sometime before May 1, 2018. This email, dated May 1, 2018, from the Jackson County Treasurer, Karen Coffman, which is addressed to a "listserv" for the Michigan Association of County Treasurers ("MACT"), forwarded an undated email from attorney Charles Lawler, one of the attorneys who filed the instant motion to intervene. In this email, the subject of which was "Freed v. Gratiot," Coffman attached a copy of this Court's April 26 opinion and stated that "[t]he MACT board along with the Legislative co-chairs are aware of this issue." The attached email from attorney Lawler stated, in relevant part:

> The United States District Court for the Eastern District of Michigan recently issued the attached order denying Gratiot County Treasurer's motion to dismiss in the excess proceeds case before the court. . . .
>
> This case is going to be heard on its merits and it doesn't look very promising. This is one case that MACT needs to get behind in a big way. Might even want to consider finding funds to pay this plaintiff and make it go away. . . . Thanks go to Luke Middleton for being the first to see this.

Luke Middleton is "is a licensed attorney and currently acts as General Counsel to Title Check, LLC. Title Check serves more than sixty County Treasurers throughout the State of Michigan as well as the Michigan Department of Treasury, offering a range of property tax foreclosure services" and he spoke at MACT's 2018 winter educational conference. See http://mactreasurers.org/wp-content/uploads/2013/01/2018W_Biographies.pdf (last visited Aug. 3,

5

2018).

It is apparent that the proposed intervenors and their attorneys were aware of this case and had been monitoring it closely by the time the Court issued its opinion denying defendants' motion to dismiss on April 26, 2018. Yet, they did not file the instant motion seeking intervention until July 20, nearly three months later. Applying the *Triax* factors,[1] the Court finds the instant motion to be untimely given that the parties have completed discovery, plaintiff has filed a summary judgment motion, the proposed intervenors allowed three months or more to go by before seeking intervention, and plaintiff would be prejudiced by the additional delay and expense that would surely arise if four additional parties were allowed to enter the case at this late date.

The untimeliness of the instant motion is reason enough to warrant denying it, but the Court further finds that the proposed intervenors have failed to show that their interest in "insuring that the Act is not declared unconstitutional in any way" is not adequately represented by defendant Gratiot County. Proposed intervenors quote *Grutter*, 188 F.3d at 400, for its statement that "[t]he proposed intervenors need show only that there is a *potential* for inadequate representation" (emphasis in original), and *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528,

---

[1] In *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1228 (6th Cir. 1984), the court stated:

> In this Circuit several factors are considered in determining timeliness: (1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

538 n.10 (1972), for its statement that "the burden of making that showing should be treated as minimal." Nonetheless, the proposed intervenors have not even made this "potential" and "minimal" showing. They assert, with no apparent basis, that "while Defendants' interests are similar to Proposed Intervenors, Defendants may not have the funds, motivation or resources necessary to zealously litigate the case at bar." Proposed Intervenors' Main Br. at 13. This throwaway argument barely merits comment, but the Court will note that defendants are ably represented by experienced counsel from a reputable law firm who have litigated this case professionally and zealously. The proposed intervenors have not shown that defense counsel cannot defend the action properly or that the proposed intervenors (the treasurers of four apparently randomly selected Michigan counties) have any interest in the issues of this case that is even slightly different from that of Gratiot County. In short, the proposed intervenors have failed to show that, barring intervention, they are "so situated that disposing of the action may as a practical matter impair or impede [their] ability to protect [their] interest." Fed. R. Civ. P. 24(a)(2).

Finally, the Court denies the proposed intervenors' effort to intervene under the "government officer of agency" provision of Rule 24(b). First, a motion under this provision, as under the other provisions of Rule 24, must be timely, and for the reasons stated above, the Court finds that this prerequisite for intervention is not met in this case. Second, this rule applies to "a federal or state governmental officer or agency," and county treasurers are neither of these. Third, even if this provision of Rule 24(b) applied to county treasurers, the interest of the proposed intervenors in this case is the same as that of Gratiot County. There is simply no need for more than one county treasurer to be involved in this litigation. If the four proposed intervenor-treasurers were allowed to intervene, there would be no reason not to allow Michigan's remaining 78 county

treasurers to do so. Accordingly,

IT IS ORDERED that the proposed intervenors' motion to intervene is denied.

Dated: August 3, 2018       s/Bernard A. Friedman
Detroit, Michigan          BERNARD A. FRIEDMAN
                                      SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 3, 2018.

                                        s/Johnetta M. Curry-Williams
                                        Case Manager