UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD FREED,

       Plaintiff,                       Civil Action No. 17-CV-13519

vs.                                   HON. BERNARD A. FRIEDMAN

MICHELLE THOMAS and
COUNTY OF GRATIOT,

       Defendants.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART THE MOTION OF THE PROPOSED AMICI TO FILE AN AMICUS BRIEF AND TO PARTICIPATE IN ORAL ARGUMENT

        This matter is presently before the Court on the motion of the Treasurers of the Counties of Genesee, Ingham, Marquette, and Midland ("the proposed amici") for leave to file a brief amicus curiae and to participate in oral argument [docket entry 45]. Plaintiff has filed a response in opposition. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

        This is a takings case. The gist of the complaint is that defendants Gratiot County and its treasurer, Michelle Thomas, "took Plaintiff Donald Freed's property worth $97,000.00 to satisfy a past due tax of $735.43 (plus other expenses), and then refused to refund any of the difference beyond what [was] needed to satisfy that debt." Compl. ¶ 1. The property is a house on a 35-acre parcel in Elwell, Michigan, where plaintiff lived. *Id.* ¶¶ 12-13. Plaintiff allegedly did not know "the extent he was behind on this small amount of property tax" because he "cannot read to a sufficient enough level" and defendant Thomas did not provide him with verbal notice. *Id.* ¶¶ 17-19. In February 2017, Thomas obtained a foreclosure judgment against the property due to

plaintiff's failure to pay $1,109.60 in past-due property taxes, interest, and fees. *Id.* ¶ 20. In August 2017, Thomas sold the property to a third party for $42,000. *Id.* ¶ 21. Defendants "refused to return the excess equity." *Id. ¶* 22.

The complaint asserts two claims. Count I, which is based on the Fifth and Fourteenth Amendments, claims that defendants "have taken property in the form of equity and/or monies beyond the amount of unpaid taxes and administrative expenses . . . and have appropriated said monies for public use without the payment of just compensation." *Id.* ¶¶ 24-25. Count II, which is based on the Eighth Amendment, claims that defendants violated plaintiff's rights "[b]y imposing and retaining an excessive fine in the form of the forfeiture of value of [his] equity interest . . . in excess of eighty times the value of the unpaid taxes and administrative expenses." *Id.* ¶¶ 34-35. For relief, plaintiff asks that the Court

>a. Enter an order . . . declaring the conduct of Defendants as being unconstitutional;

>b. Enter an order . . . declaring the General Property Tax Act, Act 206 of 1893, as applied to Plaintiff . . . as being unconstitutional and enjoin its future application in the same manner against Plaintiff . . . by Defendants;

>c. Enter an order for injunctive relief to halt the illegal processes and procedures of Defendants in violation of the Fifth, Eighth and/or Fourteenth Amendments to the United States Constitution;

>d. Enter an order for damages in the amount of taken and/or forfeited equity and/or funds in excess of the unpaid taxes and administrative expenses, costs and interest of $1,109.06 [sic] obtained and retained by Defendants by its [sic] illegal actions;

>e. Enter an order for an award of nominal and/or punitive damages;

>f. Enter an order for an award of actual reasonable attorney fees and litigation expenses . . . ; and

g. Enter an order for all such other relief the court deems equitable.

*Id.* ¶ 39.

The Treasurers of Genesee, Ingham, Marquette, and Midland Counties previously moved to intervene in this action. The Court denied that motion because it was untimely and because the treasurers of these counties failed to show either that their interest in upholding Michigan's General Property Tax Act ("GPTA") is any different from that of defendant Gratiot County or that defense counsel is in any way inadequately advocating for that interest.

Undeterred, the treasurers of these counties now seek permission to file an amicus brief (and an affidavit from the Genesee County Deputy Treasurer) "in opposition to plaintiff's Motion for Summary Judgment" and to participate in oral argument. Proposed Amici's Br. at 2. Their entire argument in support of this motion is that

> 2. The issues raised in plaintiff's Complaint and Motion for Summary Disposition [sic] are of utmost significance to Amici and all Michigan county treasurers, and their resolution could impact all of Michigan county treasurers, municipalities and local units of government.
>
> 3. Amici seek leave to participate in oral argument because they bring views and concerns to the table that differ from defendants based on the differences in the number of parcels foreclosed and sold at auction and the differences in sales receipts and distribution.
>
> 4. Counsel for the Amici brings significant experience on tax foreclosures and related issues. Attorney Kevin T. Smith handled over 1,000 tax foreclosure-related cases during his 30 years as an Assistant Michigan Attorney General, including approximately 750 cases under the foreclosure process in place prior to the adoption of 1999 Pub. Act 123 and over 250 foreclosure actions since the adoption of 1999 Pub. Act 123. In addition, he has published several articles on Michigan's tax foreclosure process and has made numerous presentations regarding the process.

*Id.* at 2-3 (footnote omitted).

For three reasons, the proposed amici have failed to demonstrate their entitlement to file an amicus brief. First, the motion is not supported by a brief, as required by E.D. Mich. LR 7.1(d), or by citation to any authority whatsoever. This by itself warrants denial of the motion.

Second, assuming the motion is governed by the appellate rule governing amicus briefs,[1] the proposed amici have not shown "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(b). "[A]n amicus ought to add something distinctive to the presentation of the issues, rather than serving as a mere conduit for the views of one of the parties." 16AA C. Wright & A. Miller, *Federal Practice and Procedure* § 3975, p. 313 (2008). While the proposed amici assert that "they bring views and concerns to the table that differ from defendants based on the differences in the number of parcels foreclosed and sold at auction and the differences in sales receipts and distribution," they have not shown that their interest in upholding the GPTA is any different from that of defendant Gratiot County. All Michigan Counties presumably have the same interest in maintaining the status quo which, by operation of Mich. Comp. Laws § 211.78m(8)(a)-(h), not only permits but requires them to deposit the proceeds from property tax foreclosure sales into a restricted account and not to return any "surplus equity" to the erstwhile property owners. The arguments made by defendant in its summary judgment motion are essentially the same as those made by the proposed amici in the brief they seek to file, namely, that no unconstitutional taking occurs when "surplus equity" is retained and that the Eighth Amendment's prohibition of excessive fines is not implicated in civil foreclosure

---

[1] As Judge Holwell has noted, "There is no governing standard, rule or statute prescribing the procedure for obtaining leave to file an amicus brief in the district court." *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, No. ll-CV-6746 (RJH), 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011).

proceedings. In short, the proposed amici have not shown that their interest differs from that of defendants or that they "add something distinctive to the presentation of the issues."

Third – again assuming that the appellate rule applies, as there is no statute or rule of civil procedure on the subject – the proposed amici have not complied with Fed. R. App. 29(d), which limits such a brief to "one-half the maximum length authorized by these rules for a party's principal brief." Under E.D. Mich. LR 7.1(d)(3)(A), "[t]he text of a brief supporting a motion or response, including footnotes and signatures, may not exceed 25 pages." Therefore an amicus brief, if permitted, may not exceed 12-1/2 pages in length. In the present case, the proposed amici's brief is twice the allowable length.

Despite these failings, as a matter of discretion the Court shall allow the proposed amici to file the amicus brief that is attached to the instant motion, as the brief may offer additional information and/or arguments relevant to a fair resolution of plaintiff's claims. Accordingly,

IT IS ORDERED that the proposed amici's motion for leave to file an amicus brief is granted, but their request to participate in oral argument is denied.


Dated: August 9, 2018        s/Bernard A. Friedman
Detroit, Michigan           BERNARD A. FRIEDMAN
                          SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 9, 2018.

                          s/Johnetta M. Curry-Williams
                          Case Manager