UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD FREED,

    Plaintiff,                                                Civil Action No. 17-CV-13519

vs.                                                      HON. BERNARD A. FRIEDMAN

MICHELLE THOMAS and
COUNTY OF GRATIOT,

    Defendants.
_____/

## OPINION AND ORDER DISMISSING THE COMPLAINT
## FOR LACK OF SUBJECT MATTER JURISDICTION

This matter is presently before the Court on the Court's own review of its jurisdiction. In April 2018, the Court denied defendants' motion to dismiss for lack of subject matter jurisdiction, but in the interim the Court has had an opportunity to give the issue further consideration. For the following reasons, the Court shall vacate its earlier order, dismiss the matter for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), and deny as moot the parties' cross motions for summary judgment.

This is a takings case. The gist of the complaint is that defendants Gratiot County and its treasurer, Michelle Thomas, "took Plaintiff Donald Freed's property worth $97,000.00 to satisfy a past due tax of $735.43 (plus other expenses), and then refused to refund any of the difference beyond what [was] needed to satisfy that debt." Compl. ¶ 1. The property is a house on a 35-acre parcel in Elwell, Michigan, where plaintiff lived. *Id.* ¶¶ 12-13. Plaintiff allegedly did not know "the extent he was behind on this small amount of property tax" because he "cannot read to a sufficient enough level" and defendant Thomas did not provide him with verbal notice. *Id.* ¶¶ 17-19. In February 2017, Thomas obtained a foreclosure judgment against the property due to

plaintiff's failure to pay $1,109.60 in past-due property taxes, interest, and fees. *Id.* ¶ 20. In August 2017, Thomas sold the property at auction to a third party for $42,000. *Id.* ¶ 21. Defendants "refused to return the excess equity." *Id.* ¶ 22.

The complaint asserts two claims. Count I, which is based on the Fifth and Fourteenth Amendments, claims that defendants "have taken property in the form of equity and/or monies beyond the amount of unpaid taxes and administrative expenses . . . and have appropriated said monies for public use without the payment of just compensation." *Id.* ¶¶ 24-25. Count II, which is based on the Eighth Amendment, claims that defendants violated plaintiff's rights "[b]y imposing and retaining an excessive fine in the form of the forfeiture of value of [his] equity interest . . . in excess of eighty times the value of the unpaid taxes and administrative expenses." *Id.* ¶¶ 34-35. For relief, plaintiff asks that the Court

> a. Enter an order . . . declaring the conduct of Defendants as being unconstitutional;
>
> b. Enter an order . . . declaring the General Property Tax Act, Act 206 of 1893, as applied to Plaintiff . . . as being unconstitutional and enjoin its future application in the same manner against Plaintiff . . . by Defendants;
>
> c. Enter an order for injunctive relief to halt the illegal processes and procedures of Defendants in violation of the Fifth, Eighth and/or Fourteenth Amendments to the United States Constitution;
>
> d. Enter an order for damages in the amount of taken and/or forfeited equity and/or funds in excess of the unpaid taxes and administrative expenses, costs and interest of $1,109.06 [sic] obtained and retained by Defendants by its [sic] illegal actions;
>
> e. Enter an order for an award of nominal and/or punitive damages;
>
> f. Enter an order for an award of actual reasonable attorney fees and litigation expenses . . . [and]

g. Enter an order for all such other relief the court deems equitable.

*Id.* ¶ 39.

In assessing property taxes, foreclosing on properties when the taxes are not paid, taking title to and auctioning foreclosed properties, and disposing of the sale proceeds, defendants act pursuant to Michigan's General Property Tax Act ("GPTA"), Mich. Comp. Laws § 211.1, *et seq.* The statutory provision at issue in the present case requires the "foreclosing governmental unit" (i.e., the county treasurer, *see* Mich. Comp. Laws § 211.78(8)(a)(i)) to deposit the proceeds from property foreclosure sales into a restricted account and to use those proceeds only for the purposes specified, and in the order of priority indicated, in § 211.78m(8)(a)-(h). The heart of plaintiff's complaint is that this statutory scheme is unconstitutional because it provides no mechanism for the return to the delinquent taxpayer of the "surplus equity" (i.e., the difference between the equity and the tax bill) or, in the event that the property is sold for less than fair market value, for the return to the delinquent taxpayer of the difference between the sale proceeds and the tax bill.

The obvious inequity of this system has not gone unnoticed by the courts. Dissenting in *Wayside Church v. Van Buren County*, 847 F.3d 812, 823 (6th Cir. 2017), Judge Kethledge likened this tax collection system to "theft" and commented on "the gross injustice" of it. In *Rafaeli, LLC v. Wayne County*, No. 14-13958, 2015 WL 3522546, at *3 (E.D. Mich. June 4, 2015), Judge Berg noted that "[i]t cannot be denied that the concept of the state confiscating all of the equity of a citizen's property . . . and selling it and keeping the entire proceeds . . . is a manifest injustice that should find redress under the law." And in his concurring opinion in *Rafaeli, LLC v. Oakland Cty.*, No. 330696, 2017 WL 4803570, at *6 (Mich. Ct. App. Oct. 24, 2017), Judge Shapiro agreed with Judge Kethledge's and Judge Berg's statements and "recognize[d] that plaintiffs' claims call out for

3

relief."

This Court agrees: It is unconscionable that the Michigan legislature has seen fit to adopt a property taxation system that not only permits but requires county treasurers to take title to real property when the taxes thereon are not timely paid and to then retain all of the proceeds obtained for the property at auction, returning nothing to the former property owner regardless of the amount of the "surplus" or "overage." The inequity comes sharply into focus in the present case. Plaintiff's tax bill, including expenses, was approximately $1,100. To collect that bill, defendants seized an asset worth between forty and one hundred times that amount (depending on whether one uses the auction price or the alleged fair market value as the measure), returned nothing to plaintiff, and thereby realized a windfall of $40,000. The outrage was even greater *Rafaeli, LLC*. As Judge Berg noted, in that case plaintiff owed $285 in taxes and expenses. When plaintiff failed to pay the tax bill, the county treasurer foreclosed the property, sold it at auction for $24,500 to a third party who then listed the property for $70,000.

Although this unfair tax collection regimen clearly calls out for relief, none is available in federal court. In *Wayside Church*, a factually and legally indistinguishable case, the majority held that plaintiff's takings claims were unripe because an adequate remedy exists in Michigan courts. In that case, the majority held that aggrieved former property owners may take any claims concerning insufficient notice to the Michigan Court of Claims and any constitutional claims to the appropriate circuit court.[1] 847 F.3d at 818-22. And because Michigan courts can hear

---

[1] Whether plaintiffs pressing such claims actually have a remedy in circuit court is doubtful. After Judge Berg dismissed the complaint in *Rafaeli, LLC*, No. 14-13958, 2015 WL 3522546, one of the plaintiffs (Greak Lakes Affordable Housing, LLC) refiled its claim in Wayne Circuit Court. In a bench ruling, Judge Colombo of that court summarily disposed of the takings claim for the following reason:

such claims, the federal courts are prevented from doing so by the Tax Injunction Act, 28 U.S.C. § 1341, and principles of comity. *Id.* at 822-23. For these reasons, the Sixth Circuit in *Wayside Church* remanded the case to the district court "with instructions to dismiss the action for lack of subject matter jurisdiction." *Id.* at 823.

Whether correctly decided or not, *Wayside Church* is binding on this Court. Plaintiff's takings claim must therefore be dismissed for lack of subject matter jurisdiction. Plaintiff's remaining claim, that his Eighth Amendment right not to be subjected to an excessive fine, is dismissed for the same reason. Regardless of the label plaintiff chooses to put on this claim, the Court may not consider it because the effect is to "challenge state tax laws," a challenge the Tax

---

> A forfeiture is not a taking. Dennis v Michigan 516 U.S. 442, 452 (1996). Moreover, the great weight of authority of the courts that have addressed this issue have allowed the governmental unit to keep the excess over the amounts owed for taxes as long as adequate notice was given. Sheehan v County of Suffolk 499 NYS2d, 656, 659 (NY Court of Appeals, 1986), Ritter v Ross, 558 NW2d 909 (Wisconsin Appeal, 1996), Balthazar v Mari Limited, 301 F Supp 103 (ND Illinois, 1969), City of Auburn v Mandarelli, 320 U.S. Atlantic 2d 22 (Maine) appealed dismissed 419 U.S. 810 (1974). The rationale is it allows a governmental unit to place the property back in use and collect taxes.

*Id.*, No. 14-13958, docket entry 20-4, PageID 530. The other plaintiff, Rafaeli, LLC, refiled its claim in Oakland Circuit Court, which likewise dismissed the complaint. The Michigan Court of Appeals affirmed, stating:

> Defendants obtained the property by way of a statutory scheme that did not violate due process. The constitution does not require them to compensate plaintiffs for the lawfully-obtained property. Plaintiffs' taking argument is without merit.

*Rafaeli, LLC v. Oakland Cty.*, No. 330696, 2017 WL 4803570, at *4 (Mich. Ct. App. Oct. 24, 2017) (footnotes omitted). It would appear that while Michigan courts may provide a *forum* for such a takings claim, they may not in fact offer any *remedy*.

5

Injunction Act and comity prevent this Court from entertaining.[2] As the Supreme Court noted in *Nelson v. City of New York*, 352 U.S. 103, 111 (1956), and as Judge Shapiro noted in *Rafaeli, LLC*, relief from a harsh state statute, but not an unconstitutional one, must be sought from the state legislature. Accordingly,

IT IS ORDERED that the Court's opinion and order denying defendants' motion to dismiss [docket entry 25] is vacated.

IT IS FURTHER ORDERED that the complaint is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the parties' cross motions for summary judgment [docket entries 29 and 39] are denied as moot.

Dated: November 7, 2018  
Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Further, the Eighth Amendment has no application where there is no criminal charge. *See United States v. Bajakajian*, 524 U.S. 321, 331 (1998) (noting, in discussing traditional in rem forfeitures, that "[b]ecause they were viewed as nonpunitive, such forfeitures traditionally were considered to occupy a place outside the domain of the Excessive Fines Clause"); *Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 262 (1989) ("Given that the [Eighth] Amendment is addressed to bail, fines, and punishments, our cases long have understood it to apply primarily, and perhaps exclusively, to criminal prosecutions and punishments."); *Ingraham v. Wright*, 430 U.S. 651, 664 (1977) (commenting that the Eighth Amendment "was designed to protect those convicted of crimes").

**<u>CERTIFICATE OF SERVICE</u>**

      The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 7, 2018.

                                        s/Johnetta M. Curry-Williams
                                        Case Manager